**William G. CLEMENT, Plaintiff,**

v.

**AMERICAN GREETINGS CORPORATION, an Ohio corporation, Greg Mlod, an individual, and Bruce Folken, an individual, Defendants.**

Civ. No. 85-0351-R(I).

United States District Court,
S.D. California.

May 30, 1986.

H. Paul Kondrick, Harrison & Watson, San Diego, Cal., for plaintiff.

James G. Johnson, Hill, Farrer & Burrill, Los Angeles, Cal., for defendants.

## MEMORANDUM DECISION AND ORDER

RHOADES, District Judge.

Defendants Mlod's and Folken's (hereinafter the "defendants" or "Mlod and Folken") motions (1) to dismiss the First Amended Complaint (the "Amended Complaint") because the defendants' actions are protected under the Manager's Privilege, or alternatively, because the defendants' statements are privileged pursuant to Cal. Civ.Code § 47(3) and thus not actionable; (2) to dismiss plaintiff's non-age discrimination claims because of the rule set forth in *Strauss v. A.L. Randall Co., Inc.*, 144 Cal. App.3d 514, 194 Cal.Rptr. 520 (1983); (3) to dismiss the third claim of the Amended Complaint because plaintiff has failed to state a claim for either intentional infliction of emotional distress or negligent infliction of emotional distress; (4) to dismiss the sixth claim of the Amended Complaint because plaintiff has failed to state a claim for fraud; (5) to strike plaintiff's allegations of conspiracy in the Amended Complaint; (6) to strike all claims for punitive damages; and (7) to strike plaintiff's demand in the Amended Complaint for a jury trial came on regularly for hearing on March 10, 1986, before Judge Rhoades. James G. Johnson and Hill, Farrer & Burrill appeared on behalf of movants Mlod and Folken. H. Paul Kondrick and Harrison & Watson appeared on behalf of plaintiff William G. Clement.

The morning hearing on March 10, 1986, was continued until the afternoon to enable the court to review defendants' "Supplemental Reply Brief," which Judge Rhoades' chambers did not receive until the morning of March 10, 1986. Upon hearing argument and considering the record and authorities cited, the Court took the matter under submission. By letter dated March 19, 1986, hand delivered to the Court and

**1328**

express mailed to defendants' counsel, plaintiff responded to defendants' "Supplemental Reply Brief." This letter was filed with the court on April 23, 1986. After further consideration of the record and authorities cited, and for the reasons set forth below, the Court rules that defendants' motion (1) to dismiss the Amended Complaint because their actions are privileged by law, or because their statements are privileged pursuant to Cal.Civ.Code § 47(3) is DENIED; (2) to dismiss plaintiff's non-age discrimination claims because of the rule set forth in *Strauss, supra,* 144 Cal.App.3d 514, 194 Cal.Rptr. 520, is DENIED; (3) to dismiss the third claim of the Amended Complaint because plaintiff has failed to state a claim for either intentional or negligent infliction of emotional distress is DENIED; (4) to dismiss the sixth claim for failure to state a claim for fraud is GRANTED; (5) to strike plaintiff's allegations of conspiracy in the Amended Complaint is DENIED; (6) to strike all claims for punitive damages is DENIED; and (7) to strike plaintiff's demand in the Amended Complaint for a jury trial is DENIED.

## BACKGROUND

Plaintiff William G. Clement has been employed by defendant American Greetings Corporation ("American Greetings") for approximately 19 years. American Greetings is not a party to the instant motions. Defendants Mlod and Folken are plaintiff's immediate supervisors at American Greetings. Plaintiff alleges that on April 18, 1983, he was demoted from his position as a District Manager for American Greetings in violation of his employment contract and for discriminatory motives. Plaintiff also alleges that Mlod and Folken conspired with American Greetings and others to harass and retaliate against him for filing an age discrimination suit with a state agency.

On December 28, 1984, plaintiff filed this action in California Superior Court against American Greetings and 20 Does alleging (1) age discrimination under California law, Cal.Gov.Code §§ 12940 *et seq.;* (2) breach of employment contract, and (3) breach of

the implied covenant of good faith and fair dealing. No demand for a jury trial, timely or otherwise, was made as to the issues raised in the original complaint. On January 29, 1985, American Greetings removed this action on diversity grounds pursuant to 28 U.S.C. § 1441(b).

By order dated November 6, 1985, the Court, per Judge Enright, granted plaintiff's motions to join Mlod and Folken in this action, and to file his proposed amended complaint, but denied plaintiff's alternative motion to remand and motion for relief from jury waiver.

The Amended Complaint, filed on December 4, 1985, sets forth seven claims for relief: (1) breach of employment contract (alleged against American Greetings only); (2) breach of implied covenant of good faith and fair dealing (American Greetings only) and conspiracy to harass and retaliate against plaintiff for filing an age discrimination suit (the "Agency Action") with the California Department of Fair Employment and Housing (all defendants); (3) intentional, or in the alternative, negligent infliction of emotional distress (all defendants); (4) violation of California age discrimination statute, Cal.Gov.Code §§ 12940 *et seq.* (all defendants); (5) defamation (all defendants); (6) common-law fraud (Mlod and Folken only); and (7) age discrimination under the Federal Age Discrimination Employment Act, 29 U.S.C. §§ 623 *et seq.* (all defendants). The Amended Complaint also includes a demand for trial by jury. On January 6, 1986, pursuant to General Order 325, this action was transferred to the docket of Judge Rhoades.

## DISCUSSION

A. *Applicable Law in Motions to Dismiss*

■ The manner and details of pleading in the federal court are governed by the Federal Rules of Civil Procedure regardless of the substantive law to be applied in the particular action. Fed.R.Civ.P. 1; *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *see also* 5 Wright & Miller, *Federal Practice and Procedure 2d* § 1204. Although in this

diversity action California substantive law is to be applied to determine the ultimate validity of the plaintiff's claims, *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Federal Rules govern issues concerning the adequacy of the pleadings. *Hanna v. Plumer, supra.*

With certain exceptions (e.g., the pleading of fraud), there is no pleading requirement in the federal courts except that there be a short and plain statement of the claim showing that the pleader is entitled to relief. *Dioguardi v. Durning,* 139 F.2d 774, 775 (2d Cir.1944) (J. Clark, one of the principal architects of the Federal Rules). On a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff, and its allegations are taken as true. *Jenkins v. McKeithen,* 395 U.S. 411, 421–422, 89 S.Ct. 1843, 1848–1849, 23 L.Ed.2d 404 (1969); *McKinney v. DeBord,* 507 F.2d 501, 503 (9th Cir.1974). A motion to dismiss is generally viewed with disfavor, and only rarely granted. *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981). In reviewing a complaint, a court should let the claims stand "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

The rationale underlying this approach to pleading is contained within the framework of the Federal Rules. The rules are designed to ensure that suits are adjudged on their merits, and to prevent dismissal of actions because of a technical defect in the pleadings. Dismissal of certain actions is often better left for a later stage of the lawsuit, after the pleader has obtained additional information through discovery. If it then becomes apparent that the facts do not support a particular theory of recovery, plaintiff can then dismiss that claim, or be subject to a motion for summary judgment.

**B.** *Motion to Dismiss All Claims Against Mlod and Folken*

**1.** *Manager's Privilege*

In essence, plaintiff alleges that Mlod and Folken "poisoned his well" at American Greetings through various intracorporate communications and statements made to his fellow employees. He also claims that Mlod and Folken conspired with American Greetings and others to harass and retaliate against him for filing an age discrimination suit with a state agency. Defendants counter that their actions and communications in this matter are privileged under California law. They state the general rule as follows:

> If an alleged wrong is committed by a corporation's officers, employees or agents in the course and scope of their relationship to the corporation in such capacities, liability rests, if at all, on the corporation and not on the individuals whose conduct on the corporation's behalf is challenged.

Defendant's Memorandum of Points & Authorities, Motion to Dismiss ("Memorandum") at p. 3, lines 3–8.

The privilege, however, is a qualified one. The Ninth Circuit in *Los Angeles Airways v. Davis,* 687 F.2d 321, 325 (1982) stated:

> The privilege exists whenever a person induces a breach of contract through *lawful means* in order to protect an interest that has a greater social value than the mere stability of the particular contract in question. (emphasis added).

At this stage of the lawsuit, the issue of whether the defendants induced a breach of plaintiff's contract "through lawful means" remains unresolved. Plaintiff should be given the opportunity to obtain such facts as may exist which could show that the means used by defendants were "unlawful."

The cases defendants cite to support their motion to dismiss either applied California procedural law, *Wise v. Southern Pacific Co.,* 223 Cal.App.2d 50, 35 Cal.Rptr. 652 (1963); *Mallard v. Boring,* 182 Cal. App.2d 390, 6 Cal.Rptr. 171 (1960), or were

decided on a motion for summary judgment. *Los Angeles Airways v. Davis, supra.* It is not clear from the face of the complaint that plaintiff cannot "prove any set of facts in support of his claim." Accordingly, defendants' motion to dismiss plaintiff's claims because the defendants' actions are protected under the "Manager's Privilege" is denied, without prejudice, to be raised, if warranted, on a motion for summary judgment after suitable discovery has been conducted in this case.

2. *Qualified Privilege of Certain Statements Under Cal.Civ.Code § 47(3)*

Defendants also argue that their statements are privileged under Cal.Civ.Code § 47(3), and thus not actionable. Section 47(3) provides that a statement is privileged if made:

> In a communication, *without malice*, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or (3) who is requested by the person interested to give information. (emphasis added).

This privilege applies to communications between co-employees or employees and their employers. *Deaile v. General Telephone Co.,* 40 Cal.App.3d 841, 849, 115 Cal.Rptr. 582 (1974). However, the privilege is qualified; it applies only to statements made "without malice." Plaintiff has alleged that the defendants' statements were made with malice.

Defendants cite California cases supporting the proposition that plaintiff must allege "[a]ctual facts of malice." *Martin v. Kearney,* 51 Cal.App.3d 309, 312, 124 Cal.Rptr. 281 (1975); *Rollenhagen v. City of Orange,* 116 Cal.App.3d 414, 423, 172 Cal.Rptr. 49 (1981); see also Defendant's Memorandum at p. 13. Defendants apparently seek to have the court graft stricter California pleading requirements onto a federal proceeding. However, in matters of pleading the Federal Rules gov-

ern. *Hanna v. Plumer, supra,* 380 U.S. 460, 85 S.Ct. 1136. Rule 9(b) of the Federal Rules provide in pertinent part that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."

The court finds that plaintiff has averred malice generally, and this is sufficient at this stage of the litigation to avoid dismissal of the action. *See, e.g., Hsing Chow v. Union Central Life Ins. Co.,* 457 F.Supp. 1303, 1308 (E.D.N.Y.1978).

Defendants cite a Ninth Circuit case, *Moore v. Greene,* 431 F.2d 584 (9th Cir. 1970), for the proposition that it is required under Section 47(3) "that malice be sufficiently pleaded in order to establish an arguably viable claim." Defendants' Reply at p. 9, lines 1–6. Defendants also contend that *Moore* held that a rebuttable presumption exists that qualifiedly privileged communications are made innocently and without malice:

> Malice is not inferred from the communication. Cal.Civ.Code § 48. There is a rebuttable presumption that the communication is made innocently and without malice. [citation omitted]. Actual malice must be pleaded and proved by the victim of the alleged libel. [citation omitted].

*Moore, supra,* 431 F.2d at 592; *see also* Defendants' Reply at p. 5.

*Moore,* however, involved a lengthy jury trial. It was not decided on the pleadings. Plaintiff has pleaded malice in his complaint, albeit generally. Under the Federal Rules, however, this is not a fatal defect. *Moore* does impose a heavy burden on plaintiff to *prove* malice. Plaintiff, however, should be given an opportunity to discover such facts as may prove his case. Dismissal of his claims at this point of the proceeding is not appropriate. Accordingly, defendants motion to dismiss plaintiff's claims because the defendants' statements are privileged under Cal.Civ.Code § 47(3) is denied, without prejudice, to be raised, if warranted, on a motion for summary judgment after suitable discovery has been conducted in this case.

### C. Motions to Dismiss Certain Claims of Amended Complaint

#### 1. Defendants' Argument That All Non-Age Discrimination Claims Should Be Dismissed

■ In their "Supplemental Reply Brief," defendants cite *Strauss v. A.L. Randall Company, Inc.*, 144 Cal.App.3d 514, 194 Cal.Rptr. 520 (1983), for the broad proposition that the Court should dismiss plaintiff's non-age discrimination claims. Defendant's reliance on *Strauss* is misplaced.

In *Strauss*, the plaintiff alleged two causes of action: (1) the common-law tort of wrongful discharge based on age discrimination, and (2) age discrimination in violation of the Fair Employment Practices Act. The trial court dismissed the first count only. In order to become entitled to appeal this ruling, plaintiff then dismissed the second count voluntarily, refiled the complaint for the first count only, and moved for a judgment of dismissal on the first count. A judgment of dismissal was entered and plaintiff appealed.

On appeal, the Court of Appeals affirmed. The Court noted that California's age discrimination statute created a "new right" for employees that did not exist at common law. Therefore, the exclusive remedy for wrongful termination based on age discrimination is demarcated by the statute itself (at present, Cal.Gov.Code §§ 12940 *et seq.*). The court expressly held that there is no common law cause of action for alleged age discrimination. *Strauss, supra*, 144 Cal.App.3d at 520, 194 Cal.Rptr. 520.

Had plaintiff alleged only those facts that would support a claim for wrongful discharge based on age discrimination, then his sole remedy would be statutory. However, plaintiff has alleged other facts that if proven, support recovery under other theories of law. In *Strauss*, on the other hand, the plaintiff's common-law cause of action alleged facts that were merely coextensive with his factual allegations under the statutory cause of action. A correct reading of *Strauss* indicates that plaintiff's common law causes of action are limited only insofar as plaintiff urges age discrimination as a basis for recovery.

Accordingly, the Court rejects defendant's arguments that *Strauss* requires the dismissal of plaintiff's non-age discrimination claims.

#### 2. Fraud (Sixth Claim of Amended Complaint)

■ Plaintiff apparently contends that because Mlod and Folken made misstatements of fact concerning his abilities to American Greetings, he can recover under a fraud theory. The court agrees with defendants that plaintiff has erred regarding the law. Defendants' Reply at pp. 19–20.

To recover under fraud, the false representation must be made with the " '(3) intent *to induce the person to whom it is made* to act upon it; and *such person* must (4) act in reliance upon the representation (5) to *his* damage.' " (emphasis added). *South Tahoe Gas Co. v. Hofmann Land Improvement Co., Inc.*, 25 Cal.App.3d 750, 765, 102 Cal.Rptr. 286 (1972).

Plaintiff has not alleged that the misrepresentations were made to him. The law does not provide for a third person remedy. Accordingly, defendants' motion is granted and plaintiff's Sixth Claim for Fraud is dismissed with prejudice.

#### 3. Intentional and/or Negligent Infliction of Emotional Distress (Third Claim)

The California Supreme Court has stated that liability for intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities, but only to conduct so extreme and outrageous 'as to go beyond all possible bounds of decency....' " *Alcorn v. Ambrow Engineering, Inc.*, 2 Cal.3d 493, 499 n. 5, 86 Cal.Rptr. 88, 468 P.2d 216 (1970) (citing the Restatement (2d) of Torts § 46, comment d). Plaintiff must satisfy a heavy burden to prove he is entitled to recover

**1332**

under a theory of intentional infliction of emotional distress, but it would be inappropriate to dismiss plaintiff's claim at this stage.

■ Plaintiff has pleaded intent generally in accordance with the requirements of Rule 9(b). Even under stricter California pleading standards, such general allegations are sufficient to withstand dismissal of the pleadings. *See, e.g., Golden v. Dungan*, 20 Cal.App.3d 295, 299, 97 Cal.Rptr. 577 (1971). Although the court recognizes that in the general context in which this case arises, it appears inherently improbable that plaintiff will be able to prove what he has alleged, the court takes plaintiff's allegations as true, and at this state of the litigation must decline to dismiss this claim. Accordingly, defendants' motion to dismiss plaintiff's claim for intentional infliction of emotional distress is denied without prejudice, to be raised, if warranted, at a later stage in the litigation.

Plaintiff also pleads in the alternative that in inflicting emotional distress, the defendants "so acted negligently and carelessly." Amended Complaint at ¶ 36. Defendants argue that plaintiff sets forth no specific facts to support these allegations. Memorandum at p. 20, line 12. Support for this theory, however, may be culled from discovery. Therefore, the defendant's motion to dismiss the claim for negligent infliction of emotional distress is denied without prejudice to be raised, if warranted, on a motion for summary judgment after suitable discovery has been conducted in this case.

### D. *Motions to Strike Certain Portions of the Amended Complaint*

Federal Rule of Civil Procedure 12(f) provides:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after service of the pleading upon him or upon the court's initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, impertinent, or scandalous matter.

In general, a 12(f) motion is the primary procedure for objecting to an insufficient defense. 5 Wright & Miller § 1380. It is neither an authorized nor a proper way to obtain dismissal of a complaint or portions of a complaint. It is generally viewed with disfavor and not frequently granted. *Id.* Wright & Miller states that the 12(f) motion "is designed to eliminate allegations from the pleadings that might cause prejudice at some later point in the litigation." *Id.* at pp. 785–786. In this regard, it should be stressed that upon "its own initiative *at any time,* the court may order stricken from any pleading any insufficient defense or any redundant, impertinent, or scandalous matter." (emphasis added).

Defendant has moved to strike two portions of the plaintiff's complaint. Each of these will be discussed in turn.

#### 1. *Plaintiff's Allegations of a Conspiracy*

In Paragraph 21 of the Amended Complaint, plaintiff alleges that

defendants [American Greetings], MLOD and FOLKEN, and others whose identities are presently unknown to plaintiff, knowingly and willfully conspired and agreed among and between themselves to annoy and retaliate against plaintiff....

Conspiracy is ordinarily not actionable by itself. 5 Witkin, *Pleading 3d* § 369 (1985). Witkin further states:

The cause of action arises out of some wrongful act committed by one or more of the conspirators, and if such a wrongful act is set forth the conspiracy averment is unnecessary to the statement of a cause of action....

The allegation of a conspiracy nevertheless serves a purpose. If the plaintiff seeks to hold several defendants liable for a tort as joint tortfeasors, he must prove that each in some way participated in the wrong. If he can show that each committed a wrongful act or some part

of it, e.g., that each made false representations, he has no need of averments of conspiracy. But if A alone made representations the plaintiff can hold B and C liable with A only by alleging and proving that A acted pursuant to an agreement (conspiracy) with B and C to defraud. Thus the purpose of the allegation is to establish the liability of B and C as joint tortfeasors regardless of whether either was a direct participant in the wrongful act.

*Id.* Apparently, the purpose of plaintiff's alleging conspiracy is to hold American Greetings and "others whose identities are presently unknown to plaintiff" liable for the actions of Mlod and Folken.

Defendants argue, however, that as a matter of law, an employee cannot conspire with the corporation that employs him. In *Davis & Cox v. Summa Corp.*, 751 F.2d 1507 (9th Cir.1985), an attorney charged a corporation and its Chief Executive Officer with conspiracy to terminate his employment. The court dismissed the action, holding that

> [i]f Lummis committed these acts, he did so in his capacity as Summa's chief corporate officer. Lummis, therefore, could not as a matter of law have conspired with his own corporation to commit these corporate acts. [citations omitted].

*Id.* at 1526.

*Davis & Cox* apparently states that an employee cannot conspire with his corporation. Defendants also rely on certain cases to support the proposition that even in the absence of a recognized privilege, the agents of a single corporation cannot conspire with the corporation or among themselves. *Wells v. Thomas*, 569 F.Supp. 426, 436 (E.D.Pa.1983); *see also, Johnson v. University of Pittsburgh*, 435 F.Supp. 1328, 1370 (W.D.Pa.1977); *Keddie v. Pennsylvania State University*, 412 F.Supp. 1264, 1276 (M.D.Pa.1976).

■ The California cases relied on by the Ninth Circuit in *Davis & Cox, supra*, 751 F.2d at 1526, do not, however, support the latter proposition. *See Gruenberg v. Aet-na Ins. Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (En banc 1973); *Mayes v. Sturdy Northern Sales, Inc.*, 91 Cal. App.3d 69, 154 Cal.Rptr. 43 (1979); *Wise v. Southern Pacific Co., supra*, 223 Cal. App.2d 50, 35 Cal.Rptr. 652 (1963). These cases hold, either impliedly, *Gruenberg, supra*, 9 Cal.3d at 576, 108 Cal.Rptr. 480, 510 P.2d 1032, or expressly, *Mayes, supra*, 91 Cal.App.3d at 78–79, 154 Cal.Rptr. 43; *Wise, supra*, 223 Cal.App.2d at 72–73, 35 Cal.Rptr. 652, that employers and agents of a corporation are insulated from allegations of conspiracy only if their actions are privileged. The court has already ruled that an issue exists concerning whether Mlod and Folken's actions were privileged. *Section B, supra*. At this state of the proceedings, the court is not convinced that plaintiff's allegations of conspiracy should be stricken. Accordingly, defendants' motion to strike plaintiff's allegations of a conspiracy is denied without prejudice, to be raised, if warranted, on a motion for summary judgment, after suitable discovery has been conducted in this case.

### 2. *Punitive Damages*

■ Plaintiff seeks punitive damages on its second, third, fourth, fifth and sixth claims. The discussion in the previous section indicates that the sixth claim for fraud will be dismissed, and therefore it need not be addressed in this section.

California Civil Code § 3294, which governs when punitive damages may be assessed, provides in part:

> (a) In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Section 3294 defines "malice":

> (1) "malice" means conduct which is intended by the defendant to cause injury to the plaintiff or conduct which is carried on by the defendant with a con-

scious disregard of the rights or safety of others.

Defendant cites only California cases in support of its motion to strike all of plaintiff's claims for punitive damages. See Defendants' Memorandum at pp. 21–23; Defendants' Reply at pp. 21–23. California law, however, does not govern determinations concerning the adequacy of the pleadings; the Federal Rules control. *Hanna v. Plumer, supra,* 380 U.S. 460, 85 S.Ct. 1136.

Rule 9(b) provides in part that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Such a general averment may suffice even when it is an element of plaintiff's claim for punitive damages. *See Oliver v. Bostetter,* 426 F.Supp. 1082, 1090 (D.C.Md. 1977); *Charles Atlas, Ltd. v. Time-Life Books, Inc.,* 570 F.Supp. 150, 154–155 (S.D. N.Y.1983); *see also* 5 Wright & Miller, *Federal Practice & Procedure* § 1301, at p. 427.

In each of the second, third, fourth and fifth claims, plaintiff has averred malice generally. Amended Complaint at ¶¶ 21, 26,[1] 34, 42. Given plaintiff's compliance with at least the minimum standard of the Federal Rules, the disfavor with which motions to strike are viewed, and the fact that the court may strike matter prejudicial to defendants from the pleadings at any time upon its own initiative, it would be unjust to strike plaintiff's claims for punitive damages at this time. Accordingly, defendants' motion to strike plaintiff's punitive damages claims is denied without prejudice to be raised, if warranted, on a motion for summary judgment after suitable discovery has been conducted in this case.

### E. *Motion to Strike Jury Trial Demand*

Plaintiff's original complaint did not contain a jury trial demand, nor was a demand timely filed. By order dated November 5, 1986, plaintiff's motion for relief from waiver of jury trial was denied, but plaintiff was granted leave to amend his com-

plaint. The Amended Complaint contains seven claims (the original complaint contained only three) and a demand for jury trial.

Defendant moves to strike the demand for jury trial from the Amended Complaint. Defendant argues that the Amended Complaint fails to allege any issues of fact not already contained in the original complaint and that the original complaint's claims "are broad enough to permit evidence of the acts charged in the new claims." Defendants' Memorandum, Jury Trial, at p. 2, lines 19–21. Thus, defendants contend that the new claims are nothing more than new legal theories.

In general, a jury demand made for the first time in an amended pleading creates a right to a jury trial only as to new issues of fact raised by the amended complaint. *Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1049–1050 (9th Cir.1974); *Pradier v. Elespuru,* 641 F.2d 808, 810 n. 1 (9th Cir.1981). *See also, Rosen v. Dick,* 639 F.2d 82, 94 (2d Cir.1980); *Lanza v. Drexel & Co.,* 479 F.2d 1277, 1310 (2d Cir.1973). The mere assertion of new legal theories based on facts previously pleaded does not constitute the presentation of a new *issue* on which a jury trial should be granted under Fed.R.Civ.P. 38(b), and thus would not revive the pleader's right to a jury trial. *Trixler, supra,* 505 F.2d at 1050; *Las Vegas Sun, Inc. v. Summa Corp.,* 610 F.2d 614, 620 (9th Cir.1979), *cert. denied,* 447 U.S. 906, 100 S.Ct. 2988, 64 L.Ed.2d 855 (1980). At a minimum then, plaintiff must allege new issues of fact in order to revive his once-waived right to trial by jury. Moreover, he would be entitled to a jury only as to those new factual issues.

In his original complaint, plaintiff pleaded three claims: 1) breach of employment contract; 2) breach of the implied covenant of good faith and fair dealing; and 3) age discrimination under California law, Cal.Gov.Code §§ 12940 *et seq.* The

---

1. The Amended Complaint contains two paragraphs numbered "36." It is clear that plaintiff intended the paragraph "36" that is part of the "Third Claim for Relief" to be numbered "26."

Amended Complaint added Mlod and Folken, several new claims or legal theories of recovery, and elaborated on the original three claims. The new claims are: 1) intentional, or in the alternative, negligent infliction of emotional distress (Third Claim); 2) defamation (Fifth Claim); 3) fraud (Sixth Claim); and 4) age discrimination under the Federal Age Discrimination Employment Act (Seventh Claim). Plaintiff also has alleged a conspiracy among Mlod and Folken, American Greetings and "others whose identities are presently unknown to plaintiff" to annoy and retaliate against plaintiff for filing the law suit for age discrimination with a state agency. (Second Claim).

By order accompanying this opinion, the court is dismissing the Sixth Claim, for fraud, and it will not be considered. The factual issues raised in the Federal age discrimination claim (seventh) are coextensive with those raised under Cal.Gov.Code §§ 12940 et seq.; consequently, plaintiff is not entitled to a jury trial for his Federal age discrimination claim. The question then is whether plaintiff has alleged factual issues in those claims of his Amended Complaint that were not contained in the original complaint.

It is not sufficient if in his new claims plaintiff has merely submitted a more detailed statement of the previously submitted claims. *Trixler, supra*, 505 F.2d at 1050. It is the Court's opinion, however, that plaintiff has not merely submitted a more detailed statement of his previously pleaded claims. Therefore, plaintiff is entitled to a jury trial as to those issues of fact that are raised for the first time in the Amended Complaint. At a minimum, new issues are raised in the Second, Third and Fifth Claims of the Amended Complaint.

Defendants argue that *Trixler, supra*, and *Lanza, supra*, 479 F.2d 1277, support their position that plaintiff's jury trial demand should be stricken from the Amended Complaint. The *Trixler* Court held that where the amended complaint does nothing more than give a more detailed statement of the same claims made in the original

complaint, the plaintiff is not entitled to a jury trial. 505 F.2d at 1050.

In *Trixler*, however, the court expressly determined that the plaintiff's two new claims in the amended complaint did nothing more than elaborate "on the charges of bad faith in the fifth claim. [The court concluded that this] did not create new *issues*. By any reasonable analysis, the identical issue of bad faith is charged in each one of the claims." 505 F.2d at 1050 (emphasis in original); *see also Las Vegas Sun, supra*, 610 F.2d at 620 (held that all the issues "turn on the same matrix of facts. . . . [T]he factual allegations underlying all of its claims are that the charged corporations and individuals conspired to terminate their advertising accounts with the Sun for an anticompetitive purpose.")

In the instant case, however, plaintiff has alleged intentional or negligent infliction of emotional distress, defamation, and conspiracy. The factual allegations underlying these claims are not identical to those allegations underlying the previously alleged claims.

Defendants also argue that the Second Circuit decision in *Lanza v. Drexel & Co., supra*, 479 F.2d 1277 supports their motion to strike. In *Lanza*, one of the defendants asserted his right to a jury trial demand in response to the plaintiff's amended securities complaint that added a claim under an analogous statute, a claim for punitive damages, and an allegation of willfulness. The court held that the defendant's "failure to demand a jury trial waived his right as to all issues relating to this general area of dispute." *Id.* at 1310. Defendants argue that like the defendant in *Lanza*, plaintiff in this action "merely clarified 'the same general issues' raised in the original complaint." Defendants' Memorandum, Jury Trial, at p. 6, lines 17–18.

Notwithstanding the fact that *Lanza* is a Second Circuit opinion, and therefore not controlling, it is easily distinguishable from the instant case. The *Lanza* court ruled that in the original complaint, the defendant had received notice of "the underlying facts and basic legal theory—fraud—upon

which plaintiffs sought relief, and the character of the suit was in no way changed by the amendments." In the instant action, on the other hand, the defendants were on notice from the original complaint that plaintiff was proceeding under a theory of age discrimination. The factual issues underlying recovery for age discrimination, however, are not necessarily the same as those underlying plaintiff's claims for infliction of emotional distress, defamation, or plaintiff's allegations of conspiracy. Consequently, defendants' motion to strike plaintiff's demand for a jury trial is denied, and plaintiff is entitled to a jury trial for those factual issues not raised in the original complaint which underlie his claims for infliction of emotional distress, defamation, and his allegations of conspiracy.

The Court recognizes, however, that from a practical viewpoint the trial of some issues by a jury and some by the court could result in an unwielding proceeding. Rule 39(b) of the Federal Rules of Civil Procedure provides:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion *upon motion may* order a trial by a jury of any *or all issues.* (emphasis added)

Granting a motion under Rule 39(b) is within the discretion of the Court. *See Las Vegas Sun, Inc. v. Summa Corp., supra,* 610 F.2d at 621; *Rutledge v. Electric Hose & Rubber Co.,* 511 F.2d 668, 675 (9th Cir. 1975). Plaintiff has not made a motion under 39(b). However, even if plaintiff had made such a motion, the Court feels that it would be premature at this time. Nevertheless, the Court would entertain such a motion at the time of the final pretrial conference in this case.

### F. *DISCOVERY*

Because many of the decisions the Court reaches in the instant motions rest to a large degree on the present stage of discovery in this case, the Court feels obliged to assist the parties in scheduling the prosecution of the suit. Therefore, pursuant to Federal Rule of Civil Procedure 16, the Court orders that a pretrial status conference shall be held in Judge Rhoades' chambers on Wednesday, July 16, 1986 at 3:30 p.m.

ACCORDINGLY, IT IS ORDERED:

1. Defendants' motion to dismiss plaintiff's amended complaint because (a) the defendants' actions are protected under the Manager's Privilege, or (b) the defendants' statements are privileged under Cal.Civ. Code § 47(3), is DENIED, without prejudice, to be raised, if warranted, on a motion for summary judgment after suitable discovery has been conducted in this case.

2. Defendants' motion to dismiss all of plaintiff's non-age discrimination claims because of the ruling in *Strauss v. A.L. Randall Company, Inc.,* 144 Cal.App.3d 514, 194 Cal.Rptr. 520 (1985), is DENIED WITH PREJUDICE.

3. Defendants' motion to dismiss plaintiff's Sixth Claim for Fraud is GRANTED, and the Sixth Claim of the Amended Complaint is DISMISSED WITH PREJUDICE.

4. Defendants' motion to dismiss plaintiff's Third Claim for Intentional, or in the alternative, Negligent Infliction of Emotional Distress, is DENIED without prejudice, to be raised, if warranted, after suitable discovery has been conducted in this case.

5. Defendants' motion to strike plaintiff's allegations of a conspiracy is DENIED without prejudice, to be raised on a motion for summary judgment, if warranted, after suitable discovery has been conducted in this case.

6. Defendants' motion to strike plaintiff's punitive damages claims is DENIED without prejudice, to be raised on a motion for summary judgment, if warranted, after suitable discovery has been conducted in this case.

7. Defendants' motion to strike plaintiff's demand for trial by jury is DENIED, and plaintiff is entitled to a jury trial for

those factual issues not raised in the original complaint which underlie his claims for infliction of emotional distress, defamation, and his allegations of conspiracy.

IT IS FURTHER ORDERED that a pre-trial status conference will be held in Judge Rhoades' chambers on Wednesday, July 16, 1986, at 3:30 p.m.

Counsel shall be prepared to discuss the present status of the case. In particular, counsel shall be prepared to consider and take action with regard to those matters listed in Rules 16(b) and 16(c) of the Federal Rules of Civil Procedure, and shall also be prepared to discuss settlement negotiations.

IT IS SO ORDERED.