In re **HALLMARK ELECTRICAL CONTRACTORS, INC.**, Debtor.

**HALLMARK ELECTRICAL CONTRACTORS, INC.**, Plaintiff,

v.

**NAVASOTA VALLEY ELECTRIC COOPERATIVE, INC.**, Defendant.

Bankruptcy No. 89–51556–C.
Adv. No. 89–5300–C.

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

June 11, 1990.

Ronald J. Shaw, Bailey & Shaw, P.C., San Antonio, Tex., for plaintiff.

William A. Jeffers, Jr., J. Vince Hightower, David Ylitalo, Jeffers, Brook, Kreager & Gragg, Inc., San Antonio, Tex., R. Coke Mills, Mills, Millar & Matkin, Waco, Tex., for defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR JURY TRIAL

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the Motion of Defendant for a Jury Trial and the objection thereto of Plaintiff. Upon consider-

ation thereof, the court finds and concludes that the motion should be denied.

## BACKGROUND FACTS

This is a lawsuit involving a claim of the debtor to collect on funds alleged to be owed pursuant to a contract with the defendant for the construction of electrical towers. Plaintiffs contend that numerous changes requested by Navasota dramatically increased the cost of the construction, and that Navasota has failed to pay any of what it owes to the plaintiff. Navasota contends that the work was not done properly or alternatively that delays were caused by the Plaintiff, resulting in offsets in favor of Navasota.

Hallmark originally filed a lawsuit against Navasota in the District Court of Robertson County, Texas on February 24, 1988. Navasota did not file a counterclaim and Hallmark non-suited that lawsuit on April 25, 1989. On or about May 8, 1989 Navasota then filed its own lawsuit against Hallmark in Robertson County.

On May 15, 1989, Hallmark filed for Chapter 11 bankruptcy in San Antonio. Hallmark then (on June 29, 1989) removed Navasota's lawsuit to the United States District Court sitting in Waco. On September 5, 1989, Hallmark filed a motion to transfer the removed case from Waco to this Court here in San Antonio. Instead of ruling on that request, however, the District Court in Waco entered an order on October 6, 1989, "administratively closing" the case, pending resolution of the bankruptcy proceedings.

On October 26, 1989, Hallmark filed this adversary proceeding against Navasota, re-urging the matters originally asserted in the lawsuit it had filed in state court in

February (the one it had nonsuited). Navasota responded with a motion to abstain, arguing that the removed case in Waco (in which Navasota was the plaintiff) covered the same transaction and that Hallmark should be required to urge its contentions by way of counterclaim in that suit (notwithstanding the "administrative closing"). Unpersuaded by these arguments, this court recommended the motion to abstain be denied (the report and recommendation now awaits a ruling by the district court). Navasota then filed a motion to withdraw the reference of this adversary proceeding to the district court (that motion also awaits a ruling).

Navasota has now filed a motion requesting a jury trial in this adversary proceeding. The motion was not filed until March 29, 1990, after its motion to withdraw the reference was filed. The last pleading directed to the issues for which Navasota seeks a jury trial was Navasota's answer, filed November 27, 1989. The last day to file a jury demand, under the local rules governing this case, was January 10, 1990. The motion for jury trial is the subject of this decision.[1]

## ANALYSIS

■ Plaintiff correctly points out that Defendant failed to timely request a jury as required by Rule 38(b) of the Federal Rules of Civil Procedure.[2] Both Rule 38 and Rule 39 of the federal rules are made applicable to bankruptcy proceedings in this district by Bankruptcy Local Rule 9015. Bankr.L.R. 9015.[3] The local rules became effective January 1, 1990 and apply to all cases and proceedings pending after their enactment. Bankr.L.R. 1001(b)(3). Thus the last date for making a jury demand in any adversary pending as of the

---

1. The court notes that a pending motion to withdraw the reference does not stay the underlying bankruptcy case (or discrete adversary proceeding within the case). Bankr.R. 5011(c).

2. Rule 38(b) provides as follows:

Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the

service of the last pleading directed to such issue....
Fed.R.Civ.P. 38(b).

3. Bankruptcy Rule 9015 was abrogated by the 1987 amendments to those rules, with a comment that rules respecting jury trials in the context of bankruptcy are more properly the subject of local rule. Bankruptcy Local Rule 9015 was enacted in this district in response to that comment.

enactment of the new local rules, including this adversary proceeding (filed October 26, 1989) was January 11, 1990. Defendant concedes that its demand is not timely, but requests the court exercise the discretion afforded under Rule 39(b) to grant a jury request out of time.[4]

Although federal courts are generally solicitous of the right to a jury trial, it is nonetheless a right which can be waived. A failure to timely demand a jury trial under Rule 38(b) is deemed to be such a waiver. Fed.R.Civ.P. 38(d); *Cox v. C. H. Masland & Sons, Inc.*, 607 F.2d 138, 143 (5th Cir.1979); *In re Kaiser Steel Corp.*, 95 B.R. 782, 786 (Bankr.D.Colo.1989). The mere fact that the right to trial by jury may clearly arise under the Seventh Amendment is not, of itself, enough to override a waiver of that right. 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2321 at 101 (West 1971 & Supp.1989).[5]

▬ A court may, in its discretion excuse a party's waiver, under Rule 39(b), but the exercise of that discretion must be based on circumstances warranting its exercise, "lest the discretion become a mere arbitrary act of the court." *Kalmanovitz v. G. Heileman Brewing Co., Inc.*, 610 F.Supp. 1319, 1328 (D.Del.1985). The evaluation of a request for relief under Rule 39(b) is thus necessarily a fact-sensitive inquiry. *Id.* Mere inadvertence, oversight or lack of diligence in failing to make the demand is not sufficient to permit the exercise of this discretion. *In re Checkmate*

*Stereo & Electronics, Ltd.*, 21 B.R. 402, 406 (Bankr.E.D.N.Y.1982); *see also Bush v. Allstate Insurance Co.*, 425 F.2d 393 (5th Cir.), *cert. denied*, 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64 (1970). In the case at bar, there are no circumstances present which permit this court to exercise its discretion. Even if there were such circumstances, there are "strong and compelling reasons" why this defendant's waiver should not be excused. *See Bush v. Allstate Insurance Co.*, 425 F.2d at 396.

First, there are no circumstances present here which, in the view of this court, justify excusing this defendant's waiver. The defendant immediately responded to the original complaint with both an answer and a motion for abstention, and could easily have responded with a jury demand as well.[6] The defendant was already familiar with the nature of the lawsuit, having been sued once already on virtually the same claim in the Robertson County lawsuit, then itself having initiated litigation on the same transactions in state court.

Defendant also has little cause for confusion over the rules regarding jury trials in bankruptcy and their operation, given their attorneys' broad experience with and expertise in bankruptcy matters in this very court.[7] The hearing on the motion for abstention was held on January 3, 1990. The question whether the issues were triable as of right before a jury was raised repeatedly at the hearing by the defendant as one ground for abstention. It is not unreasonable to expect that the defendant would

---

4. Rule 39(b) provides that
   ... notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.
   Fed.R.Civ.P. 39(b); *see* Bankr.L.R. 9015.

5. [I]t is clear that the test of waiver that is applied to other constitutional rights, that there must have been "an intentional relinquishment or abandonment of a known right or privilege," is not applicable to the right to trial by jury.

   .     .     .     .     .

   Waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse.

*Id.* at 101–02.

6. At the hearing on the motion to abstain, the defendant broadly alluded to the difficulties this court might face in conducting a jury trial on the complaint. In light of those arguments, this court assumed at the time that defendant had already filed a jury demand.

7. The new local rules were the subject of considerable discussion and advance publication to the practicing bankruptcy attorneys in this district through local bankruptcy bar associations and state-sponsored continuing legal education seminars. The rules were in the "final draft" stage for over a year prior to their formal adoption. Their formal adoption was announced in advance throughout the fall of 1989.

have reviewed the local rules in anticipation of the abstention hearing. In fact, the defendant could have filed a jury demand immediately prior to the abstention hearing in an effort to bolster its arguments, and the demand would have been timely under Bankruptcy Local Rule 9015. *See* Bankr. L.R. 9015; *see also* Bankr.L.R. 1001(b)(3).

Electing not to make a timely jury demand on the belief that the court will abstain is a tactical decision a party is certainly entitled to make, but the party must also be prepared to accept the consequences of such a decision. That appears to be what has happened here. No other circumstances are presented which warrant the intervention of this court to relieve the defendant of its waiver under Rule 39(b).

Second, even if circumstances did permit this Court in its discretion to excuse defendant's waiver, there are compelling reasons why that discretion should not be exercised in this case. Discovery in the case is nearly completed and the case is nearly ready for trial on the court's nonjury docket.[8] Substantial delay would result if the case were placed on a jury docket (whether this court's or the district court's). In addition, we must view the adversary against the backdrop of the bankruptcy case in which it is pending. The debtor is a contractor who is winding down operations. This is one of the few remaining outstanding and unresolved accounts receivable to be liquidated. The receivable is pledged to the debtor's major lender, Groos Bank, and its bonding company, Commercial Union Insurance Company. Delay in the liquidation of this claim delays the entire bankruptcy case, to the prejudice of both the debtor and its principal creditors. Under circumstances such as these, waiver rules ought to be more strictly enforced.[9] In fact, it is safe to assume as a general proposition in all bankruptcy cases that the timeliness of a jury demand will invariably be weighed against the need for prompt administration of the bankruptcy case itself, resulting in a stricter enforcement of Rule 38(d) waiver.

The jury demand here interposed simply introduces the potential for further delay into the trial of this case on its merits. It is not lost on this court that the defendant most certainly does not want to proceed to trial in this forum and would prefer trying this case in Robertson County, before a friendly tribunal and perhaps a friendly jury as well.[10] Equity does not support relieving a party from its waiver when to do so would only assist that party in its efforts to delay the trial of the case in this forum.

Because no cause exists in this case to relieve defendant from its Rule 38(d) waiver of its entitlement to a jury in this case, the motion urged under Rule 39(b) is denied.

So ORDERED.

---

8. The matter is set for docket call June 25, 1990.

9. Indeed, this court's local rules and its standard order relative to pretrial (issued in all adversary proceedings) stress the importance of prosecuting matters without undue delay, on pain of sanctions or dismissal.

10. The defendant supplies electricity to many of the residents of Robertson County. Any judgment against the cooperative could increase the cost of that service.