In re FOX BROTHERS, INC.

**Walter M. DICKINSON,
Trustee, Plaintiff,**

v.

**CROCKETT & BROWN,
P.A., Defendant,**

**National Bank of Commerce, Intervenor.**

**Bankruptcy No. 89–50115.
Adv. No. 90–5013.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

June 12, 1992.

Frederick Wetzel, Little Rock, Ark., for plaintiff.

William Owen, Little Rock, Ark., for defendant.

Judy Simmons Henry, Little Rock, Ark., for intervenor.

## ORDER STRIKING DEMAND FOR JURY TRIAL

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Demand for Trial by Jury filed by the defendant, Crockett & Brown, P.A. on May 29, 1992. The intervenor, National Bank of Commerce filed an objection to the jury demand on June 2, 1992. The defendant's demand for jury trial, filed nearly two years after the "last pleading directed to such issue," will be stricken as untimely. This cause will proceed, as scheduled, for trial before the United States Bankruptcy Court.

### I. PROCEDURAL HISTORY

The initial Complaint in this matter was filed by the trustee over two years ago, on March 13, 1990. The defendant answered the complaint on April 19, 1990. On April 24, 1990, the intervenor filed its motion to intervene in the action and submitted a proposed complaint. The Court granted permission to intervene whereupon the intervenor filed its complaint of record on June 28, 1990, to which the defendant filed

its answer on July 19, 1990. Thereafter, the Court scheduled trial for May 16, 1991.

On May 10, 1991, the trustee filed an application to settle the case to which the intervenor objected. A status conference was held on July 3, 1991, at which time the trustee plaintiff and defendant were permitted an additional amount of time to file responses to the intervenor's objection. On September 19, 1991, the Court sustained the intervenor's objection.

Thereafter, the trustee filed an application to abandon the cause of action set forth in the complaint initiating this adversary proceeding, to which the intervenor objected. The parties entered into an agreement on the record and submitted an Order. The defendant later objected to the proposed order, which objection was overruled[1] and an order entered permitting the trustee to abandon the cause of action to the intervenor. The intervenor was granted leave to proceed *ex rel* the trustee. Thereafter, the Court issued a lengthy order, setting the matter for trial, permitting additional pretrial filings,[2] and specifically advised the parties that no further delays, continuances, or extensions would be tolerated.

Due to the realignment of parties, both the intervenor and the defendant requested, and were granted, permission to file amended pleadings. The amended complaint in intervention, filed on April 28, 1992, incorporated the trustee's turnover action in the pleading. The defendant filed its answer to the amended complaint on May 29, 1992, twenty-five months after its answer to the trustee's complaint and twenty-two months after its answer to the intervenor's complaint. On the same date, the defendant filed a demand for jury tri-

al.[3] No previous demands for jury trial had been made by the defendant.

## II. THE JURY DEMAND

■ The issue before the Court is whether the defendant is entitled to trial by jury.[4] The heart of this proceeding is a request to obtain funds from the defendant. Although cloaked in the language and procedure of equitable bankruptcy proceedings, the matter is essentially legal in nature. *See Clairmont Transfer Company v. Rice, Rice, Gilbert & Marston (In re Clairmont Transfer Company)*, 117 B.R. 288 (Bankr.W.D.Mich.1990); *In re Rheuban*, 124 B.R. 301, 301 (C.D.Cal.1990). This is true despite the fact that the intervenor also requests equitable subordination and determination of lien priority. Parties to such legal proceedings are generally entitled to jury trials on such issues. This right, however, is not without limitations.

### A. Timeliness of the Jury Demand

■ In order to retain the right to a jury trial, a party must make a timely demand to trial by jury. The failure to do so waives the right to trial by jury. *Ingram River Equipment, Inc. v. Pott Industries, Inc.*, 816 F.2d 1231, 1235 (8th Cir.1987); *Williams v. Farmers & Merchants Insurance Co.*, 457 F.2d 37, 38 (8th Cir.1972). Under the Federal Rules of Civil Procedure, such a demand must be made within ten days after "service of the last pleading directed to such issue." Fed.R.Civ.Proc. 38(b). The rule specifically states that failure to timely serve and file a demand for jury "constitutes a waiver by the party of trial by jury." Fed.R.Civ.Proc. 38(d). This waiver is "complete even though it was inadvertent, unintended and regardless of the explanation or excuse." *Scharnhorst*

---

1. The district court has denied the defendant's motion for leave to appeal the related orders in this adversary proceeding. *Crockett & Brown v. Dickinson*, Case No. P3–C–92–312, slip op. (E.D.Ark. filed May 29, 1992).

2. The parties already complied with previous orders directing filing of exhibit lists, witness lists, and proposed findings of fact and conclusions of law. The Order permitted additional filings to the extent required by amendments.

3. The jury demand filed with the Court states that it is made pursuant to Bankruptcy Rule 9015. Bankruptcy Rule 9015 was abrogated many years ago.

4. Pursuant to Local Rule 10(e), it is for the bankruptcy court to "determine whether there is a right to jury on the issues for which a jury is demanded."

*v. Independent School District No. 710,* 686 F.2d 637, 641 (8th Cir.1982), *cert. denied,* 462 U.S. 1109, 103 S.Ct. 2459, 77 L.Ed.2d 1337 (1983).

■ The Federal Rules of Bankruptcy Procedure do not incorporate Rule 38. However, numerous bankruptcy courts have indicated that this rule is applicable in bankruptcy proceedings. *See, e.g., Yoder v. T.E.L. Leasing, Inc. (In re Suburban Motor Freight, Inc.),* 114 B.R. 943, 954 (Bankr.S.D.Ohio 1990). While Rule 38 has not been incorporated by the Federal Rules of Bankruptcy Procedure, this Court holds that, in the absence of an otherwise controlling rule, a party must make a jury demand within a reasonable time after service of the "last pleading directed to such issue."[5] The Court believes that the ten-day time set forth in Rule 38 would constitute a good basis for measuring timeliness of the demand. Thus, the first issue for the Court is whether the demand, filed on the same date as the answer to the amended complaint in intervention is timely.

■ The term "last pleading directed to such issue" does not simply mean the "last pleading filed." It is well-settled that the "last pleading" referenced in Rule 38(b) requires a new issue for which the party is demanding a jury trial.[6] *Williams v. Farmers & Merchants Insurance Co.,* 457 F.2d 37, 38 (8th Cir.1972). A jury demand made in an amended pleading, or in response to an amended pleading, creates a right to jury trial only "as to new issues of fact raised by the amended complaint." *Communications Maintenance, Inc. v. Motorola, Inc.,* 761 F.2d 1202, 1208 (7th Cir.1985). *Accord Clement v. American Greetings Corporation,* 636 F.Supp. 1326, 1334 (S.D.Cal.1986); *Yoder v. T.E.L. Leasing, Inc. (In re Suburban Motor Freight, Inc.),* 114 B.R. 943, 955 (Bankr.S.D.Ohio 1990); *Cedars–Sinai Medical Center v. Revlon, Inc.,* 111 F.R.D. 24, 30 (D.Del. 1986). "The mere assertion of new legal theories based on facts previously pleaded does not constitute the presentation of a new *issue* on which a jury trial should be granted under Fed.R.Civ.P. 38(b), and thus would not revive the pleader's right to jury trial." *Clement,* 636 F.Supp. at 1334. Mere submission of more detailed statements of the previously submitted claims likewise does not confer anew the right to jury trial. *Revlon,* 111 F.R.D. at 30–31; *Clement,* 636 F.Supp. at 1335.

■ A comparison of the two original complaints with the amended complaint indicates that no new factual issues have been raised. The initial complaint filed by the trustee stated a cause of action for turnover of property of the estate. The complaint was much lengthier than the average turnover complaint due to the nature and extent of the facts pleaded. Essentially, the trustee asserted that the defendant, attorneys of the debtor, had obtained a large retainer from the debtor prior to the filing of the petition in bankruptcy, which fees were unreasonable or improper for numerous and defined reasons.[7] The complaint further alleged that the defendants retained funds, for which they had performed no work, such that those unearned funds should be turned over to the trustee. Finally, an important issue was raised regarding the filing of disclosures of attor-

---

5. On April 1, 1992, Local Rule 10 became effective in the Eastern and Western Districts of Arkansas. The paragraphs of the Local Rule requiring a timely demand and waiver of such right are virtually identical in language to the corresponding subsections of Rule 38. Accordingly, the law regarding Rule 38 is applicable to determinations pursuant to Local Rule 10. Rule 39, providing the court discretion to permit an untimely jury demand, has not been made effective by a local rule.

6. Analysis under Local Rule 10, whose language is patterned after Rule 38, would be identical. The court does not expressly analyze this case under Local Rule 10, however, because that rule was not in effect at the time the first pleadings were filed, in 1990. The lack of a local rule, however, does not obviate concepts of reasonableness, timeliness, notice, delay, and prejudice.

7. For example, the complaint alleges that the fee amounts were excessive, that charges were made for matters not appropriate to the debtors case (research on chapter 11 issues being charged while the debtor was in chapter 7), charges for matters unrelated to bankruptcy proceedings, and charges which did not state the substance of the work.

ney's fees paid to defendant. The complaint alleges that the defendant misstated the amount it received in pleadings filed before the Court.

The original complaint in intervention raised numerous issues in addition to those raised by the trustee. In addition to alleging other improprieties regarding the fees collected and services rendered, the intervenor requested determination of lien priority and imposition of constructive trust or equitable lien with regard to the funds held by defendant. The intervenor also requested that any claim of defendant be disallowed [8] or equitably subordinated. In support of its thirty-five paragraph complaint, the intervenor also delineated alleged instances of misconduct.[9]

While different in organization, the amended complaint in intervention raises no new facts. The amended complaint sets forth seven counts as follows: (1) disgorgement of fees due to false oath by defendant; (2) disgorgement of fees due to conflicts of interest and false oaths by defendant; (3) turnover of attorneys fees improperly billed and paid, 11 U.S.C. §§ 542, 549; (4) turnover of fees received in excess of charges made, 11 U.S.C. §§ 542, 549; (5) turnover of unreasonable attorneys fees; (6) a request for determination of intervenor's security interest such that all funds ordered turned over be remitted to intervenor; and (7) equitable subordination.

The answers filed by the defendants raise no new issues for which jury trial is permitted. The only additional issues raised in the answer to the amended complaint in intervention relate to the substitution of parties made by the Court's previous orders. To the extent these are even new issues, they are legal and procedural issues for which jury trial is not appropriate.

While the organization and recitation of facts were more methodical in the amended complaint, the facts and issues pleaded remain essentially the same as those pleaded

in the trustee's complaint and the intervenor's initial complaint. No new factual issues have been raised. The crux of the issues in all of the pleadings relates to the reasonableness of the fees and disclosures, as well as the intervenor's entitlement to the funds by which the fees were paid. The "last pleadings" directed to these issues are the defendant's answer to the complaint, filed on April 19, 1990, and the answer to the complaint in intervention, filed on July 19, 1990. The demand for jury trial, filed on May 29, 1992, two years later is untimely.

### B. Discretion to Deny an Untimely Jury Demand

 The issue for the Court thus becomes whether the untimely demand should be allowed. The Court must look at the "totality of the circumstances" in determining whether an untimely jury demand should be allowed. *United States v. Premises Known as 417 East Grand Ave.*, 761 F.Supp. 657, 658 (W.D.Ark.1991). When an untimely request for jury trial is made, the claimant must explain why the request is late and explain how prejudice would occur if jury trial were denied. *Id.; Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir.), *cert. denied*, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980). The court need not permit an untimely jury demand if no prejudice is shown and no justification for delay is given. *Littlefield*, 614 F.2d at 585.

 In the instant case, the defendant has not made a motion for jury trial, but simply filed a demand for jury trial. Inasmuch as the demand is untimely, a motion would be appropriate. *See* Fed.R.Civ.Proc. 39(b) (requiring motion in order to obtain jury trial where demand is untimely). The demand states no reasons for the delay in filing the jury demand, nor offers any reason why the other parties would not be prejudiced at this late date.

---

**8.** Defendant has not filed a claim in this bankruptcy proceeding.

**9.** Paragraph 33 of the intervenor's complaint, in particular alleges the filing of an incorrect disclosure statement and enumerates various conflicts of interest.

The demand for jury is procedurally as well as temporally untimely. Trial of this cause was first scheduled to begin over one year ago. This case has been pending for two years and the parties have already prepared for a trial to the Court. The parties have already filed their witness lists, exhibits lists, submitted their exhibits, and filed proposed findings of facts and conclusions of law. Trial is now scheduled to begin only two months hence. Grant of jury trial at this juncture would thus be extremely disruptive of the Court's and the parties' schedules. Since trial submissions have already been made, permitting jury trial at this juncture would be extremely wasteful of court resources, parties' resources, and estate assets.

 Using a jury demand as a delaying tactic is also grounds for denying an untimely jury demand. *Littlefield*, 614 F.2d at 585 (8th Cir.1980); *Hallmark Electrical Contractors, Inc. v. Navosota Valley Electric Cooperative, Inc. (In re Hallmark Electrical Contractors, Inc.)*, 116 B.R. 67, 70 (Bankr.W.D.Tex.1990). Tactics interposed to deliberately delay the administration of the bankruptcy proceedings require strict enforcement of the waiver rules. *Hallmark*, 116 B.R. at 70 & n. 9. The particular administrative problems associated with bankruptcy proceedings in general, as well as the heavy case loads of the bankruptcy courts, require adherence to pretrial schedules and deadlines imposed by the rules of procedure. The nature of bankruptcy proceedings, the policies promoting orderly administration of the estate, and the goals of bankruptcy require the courts to curb unwarranted delays. *See id.* ("in fact, it is safe to assume as a general proposition in all bankruptcy cases that the timeliness of a jury demand will invariably be weighed against the need for prompt administration of the bankruptcy case itself, resulting in a stricter enforcement of Rule 38(d) waiver.").

This Court's general pretrial mandates and the particular orders entered in this case stress the importance of timely compliance with pretrial deadlines and the potential risk of imposition of sanctions or dismissal. The purpose of such strictures is to finally bring the matter to trial in a timely and orderly fashion. In light of these Orders, the jury demand filed at this late date, indicates to the Court that it is a tactic to delay trial. Further, defendant has twice attempted interlocutory appeals of matters in this case. The court file also indicates the occurrence of delays and disputes which delayed the discovery process. Such delaying tactics are generally not tolerated by the courts. *Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1209 (7th Cir.1985) ("We cannot permit a party to abuse judicial procedure for such a purpose and we therefore hold CMI's May 10 jury demand untimely."); *Hallmark*, 116 B.R. at 70 ("Equity does not support relieving a party from its waiver when to do so would only assist that party in its efforts to delay the trial of the case in this forum."). This Court will not permit an untimely jury demand to effect another delay of the resolution of this cause.

While the case involves issues which may be tried to a jury, the untimeliness of the demand, the virtual completion of trial submissions, and the quickly-approaching trial date, indicate that the matter should be tried to the Court.

ORDERED that the Demand for Trial by Jury is STRICKEN. This Cause will proceed to trial before the United States Bankruptcy Court on the date previously set.

IT IS SO ORDERED.