FEDERAL TRADE COMMISSION, Plaintiff,

v.

AMERICAN LEGAL DISTRIBUTORS, INC., a corporation, et al., Defendants–Appellees,

Reed Daugherity, et al., Proposed Intervenors–Appellants.

No. 88–8912.

United States Court of Appeals, Eleventh Circuit.

Dec. 11, 1989.

Joel S. Sansone, Pittsburg, Pa., Michael Funderburk, Lilburn, Ga., for proposed intervenors–appellants.

H. Robert Ronick, Atlanta, Ga., for American Legal Distributors, Inc.

Frederick E. Dooley, Jr., F.T.C., Office of Gen. Counsel, Washington, D.C., John F. Neiley, F.T.C., R. Norman Cramer, Jr., Denver, Colo., for F.T.C.

Before KRAVITCH, Circuit Judge, HILL *, Senior Circuit Judge, and POINTER **, Chief District Judge.

PER CURIAM:

Appellants were victims of a fraudulent scheme. After obtaining a final judgment in United States District Court in Arizona, appellants filed a Motion to Intervene in an FTC suit against the same defendants in the United States District Court for the Northern District of Georgia. Appellants' Motion to Intervene as of Right was denied. Because we find the denial was appropriate as to issues already determined in the Georgia suit but was an abuse of discretion as to issues not yet decided, we hereby AFFIRM in part, REVERSE in part, and REMAND for further proceedings not inconsistent with this Opinion.

## Background

American Legal Distributors and other defendants (hereinafter "defendants") operated a fraudulent legal services program. Appellants were victims of defendants' scheme who discovered it and brought it to the attention of federal authorities. Appellants also filed a civil RICO suit against defendants in federal district court in Arizona. In that suit, appellants requested—but were not granted—an attachment on defendants' property. Sixteen days after appellants filed their Arizona suit, the FTC filed the instant action against defendants in federal district court in Georgia. The FTC obtained an order freezing defendants' assets.

On April 26, 1988, appellants obtained a default judgment against defendants in Arizona. Sixteen days later, the FTC obtained a default judgment against defendants in Georgia, without opposition. Defendants then filed a motion to set aside the judgment in the Arizona case; appellants allege the FTC was a party to this

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Sam C. Pointer, Jr., Chief U.S. District Judge for the Northern District of Alabama, sitting by designation.

motion.[1] The motion was denied on August 8, 1988.

On July 22, 1988, the FTC filed a motion requesting authorization to sell or dispose of certain property subject to the Georgia court's asset freeze. Appellants were invited to respond to this request, but did not. On August 4, 1988, appellants' lead counsel called the Georgia court and informed the judge's staff that he had been hospitalized for emergency surgery on July 29; that he had only just been released; and that he wished to respond to the FTC motion. On August 18, 1988, the trial court granted the FTC motion; appellants still had not filed a response. On September 22, prior to their receipt of the August 18 Order, appellants mailed their original Motion to Intervene. This motion was returned by the Clerk for failure to comply with local rules; it was not filed. On October 7, appellants filed their Amended Motion to Intervene. On November 10, 1988, the trial court denied the Motion to Intervene, concluding it was untimely and was unnecessary to protect the interests of the proposed intervenors. From that Order, proposed intervenors appeal.

## Jurisdiction

▮▮▮ The first issue is whether this court has jurisdiction to hear this appeal. The denial of a petition to intervene is not considered an appealable final order. E.E.O.C. v. Eastern Airlines, Inc., 736 F.2d 635 (11th Cir.1984). There is, however, limited jurisdiction to hear the appeal under this circuit's "anomalous rule." Id. Under this rule, the court has jurisdiction to determine whether the denial of intervention was proper. If the district court was correct in denying the motion to intervene, this court's jurisdiction evaporates and we must dismiss the appeal for want of jurisdiction. If the district court erred, we retain jurisdiction and must reverse. Id.

1. The record does not support this allegation.

## Motion to Intervene

Federal Rule of Civil Procedure 24 provides in pertinent part:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In determining whether a motion to intervene as of right is timely, a court should look to the purpose for which intervention is sought, the necessity for intervention as a means of preserving the applicant's rights, and the improbability of prejudice to those already parties in the case. *Hodgson v. United Mine Workers of America,* 473 F.2d 118, 129 (D.C.Cir.1972). "Timeliness presents no automatic barrier to intervention in post-judgment proceedings where substantial problems in formulating relief remain to be resolved." *Id.* A decision that a Motion to Intervene was untimely should not be reversed unless the district court abused its discretion in so deciding. *NAACP v. New York,* 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973).

Appellants first submitted their Motion to Intervene on September 22, 1988—four months after judgment was entered in the Georgia suit and one month after the court granted the FTC motion to sell certain assets. Appellants' Motion to Intervene was not properly filed until October 7, 1988, more than two weeks later. Nonetheless, appellants assert their motion should have been granted. Appellants argue they did not have a final judgment—and therefore did not have a protectable interest—until the Arizona court denied defendants' Motion to Set Aside Judgment on August 8, 1988.

Whether or not appellants are correct in asserting they could not file the Motion to Intervene before August 8, 1988, the Georgia court did not abuse its discretion in denying the motion insofar as it related to the July 22 motion for authorization to sell or dispose of certain property or earlier matters. Appellants did not file their Motion to Intervene until two months after the date on which they allege they first could have done so. Moreover, appellants were given the opportunity to respond to the July 22 motion without formal intervention, but failed to do so. In light of this failure, it is difficult to accept arguments of prejudice to appellants with respect to that Motion. Finally, appellants state they do not wish to challenge the judgment in the Georgia action; they wish to participate only on questions regarding the sale and distribution of assets. With the exception of the July 22 motion, it appears these matters were not addressed prior to appellants' filing of the Motion to Intervene. Thus it would serve no purpose to allow intervention as to matters resolved before appellants' Motion to Intervene was filed. To the extent the District Court denied intervention as to matters already resolved, the decision of the District Court is AFFIRMED.

There remains the issue of intervention as to issues not then decided, namely, issues relating to the future sale and distribution of the frozen assets. As to these issues, appellants' Motion was not untimely. Allowing intervention for the limited purpose of addressing issues not then resolved would not unduly delay or otherwise prejudice the district court proceedings. Indeed, the FTC did not object to intervention for this limited purpose.

The district court did not merely find the Motion to Intervene untimely. The court also concluded intervention was not necessary to protect appellants' interests and therefore appellants were not entitled to intervene. We disagree. Appellants argue they are entitled to recover proportionately more than the victims represented by the FTC in the distribution of defendants' assets. Whether or not appellants are correct—and we do not reach this issue—they should have the opportunity to present this argument to the district court. Moreover, appellants have expressed a desire to par-

ticipate in decisions regarding the sale of assets in order to protect their interests. There can be little question that these individuals are greatly interested in the asset distribution. In addition, the prejudice to the FTC of allowing intervention as requested is minimal. If, as appellants contend, the FTC has decided not to sell certain assets subject to the freeze, appellants should have the opportunity to request a modification of the freeze order to enable appellants to go after the particular asset. Appellants will not have that opportunity without intervention. We note again that the FTC did not object to appellants' intervention for this limited purpose. We conclude the District Court abused its discretion in denying the Motion to Intervene as to issues not yet decided, and therefore REVERSE as to those issues.

To the extent the denial of the Motion to Intervene refused to allow intervention as to actions not yet taken, the decision is REVERSED; the Order is AFFIRMED insofar as it denies intervention to challenge decisions made before the Motion was filed. This action is REMANDED for proceedings not inconsistent with this opinion.