UNITED STATES of America, Plaintiff,

and

Josephine Palasciano and Joseph
Palasciano, Plaintiffs–
Intervenors

v.

COUNTRY CLUB GARDEN OWNERS
ASSOCIATION, INC.; Board of Directors, Country Club Garden Owners
Association, Inc.; Grace Giampiccolo;
and Total Community Management,
Inc., Defendants.

No. CV 92–5146 (ADS).

United States District Court,
E.D. New York.

Jan. 16, 1995.

Janet Reno, U.S. Atty. Gen., Dept. of Justice, Civil Rights Div., Housing and Civ. Enforcement Section (Harvey L. Handley III, Isabelle M. Thabault, of counsel), Washington, DC, Gurian & Bikson (Craig Gurian, of counsel), New York City, for plaintiffs-intervenors.

Cohen & Warren, P.C. (Barry L. Warren, of counsel), Smithtown, NY, for defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge:

The United States has commenced this action under Title VIII of the Civil Rights Act of 1968 ("The Fair Housing Act" or "Act"), as amended, 42 U.S.C. §§ 3601–3631, alleging that the defendants engaged in discriminatory housing practices on the basis of handicap against Josephine and Joseph Palasciano ("Palascianos"). The Palascianos move to intervene as of right in this case as plaintiffs, pursuant to 42 U.S.C. § 3612(*o* )(2) and Fed.R.Civ.P. 24(a), and have filed an intervenor complaint with a jury demand. The defendants oppose the motion to intervene, and move to strike the jury demand. This case has been on the Court's 24 hour non-jury reserve calendar since December, 1993.

## BACKGROUND AND COMPLAINT

According to the complaint filed by the United States, the Palascianos own a cooperative unit located at Country Club Garden, 242 West Farber Drive, Babylon, New York. The defendant Country Club Garden Owners Association, Inc. ("Country Club") owns and manages the cooperative, while the defendant Total Community Management Corp. ("Total") manages the day-to-day operations of the cooperative. The defendant Board of Directors, Country Club Garden Owners Association, Inc. ("Board") is elected by the co-op shareholders to run the affairs of Country Club. The defendant Grace Giampiccolo is the Board's president. The Palascianos are shareholders in the cooperative.

The United States alleges that Josephine Palasciano is a handicapped person within the meaning of the Fair Housing Act, because she suffers from osteoarthritis and other conditions which severely restrict her ability to walk without assistance. According. to the complaint, in the summer of 1989 the Palascianos requested that the defendants designate for Mrs. Palasciano's use a handicapped parking space immediately behind their co-op unit. The Palascianos also requested that they be permitted to modify the terrace behind their co-op, at their expense, so that a gate and steps could be provided in order to allow Mrs. Palasciano immediate access to the parking space. The Palascianos allege in their intervenor complaint that they had built such a gate and steps several years earlier, but that the defendants removed the gate and steps in the course of constructing new terraces during the summer of 1989. According to the United States and the Palascianos, the defendants refused to grant the Palascianos' requests.

On November 29, 1989, Mrs. Palasciano filed a complaint with the Department of Housing and Urban Development ("HUD") under section 810(a) of the Fair Housing Act, 42 U.S.C. § 3610(a), alleging that the defendants' refusal to grant the Palascianos' requests constituted a discriminatory housing practice on the basis of handicap under section 804(f) of the Act, 42 U.S.C. § 3604(f). The Secretary of HUD ("Secretary"), among other things, conducted an investigation of the complaint, and on September 8, 1992 issued a Charge of Discrimination against the defendants pursuant to section 810(g) of the Act, 42 U.S.C. § 3610(g). The Secretary charged the defendants with violations of section 804 of the Act.

As authorized by section 812(a) of the Act, 42 U.S.C. § 3612(a), the defendants elected to have the charges alleged in the Palascianos' complaint resolved in a federal civil action. Accordingly, the United States commenced the instant action pursuant to section 812(*o* ) and 814 of the Act. The complaint alleges that the defendants' refusal of the Palascianos' requests constitutes discrimination on the basis of handicap under sections 804(f)(3)(A) and (B) of the Act. These sections respectively provide that a discriminatory act on the basis of handicap includes (A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied by the handicapped person, if such modifications may be necessary to afford the handicapped person full enjoyment of the premises, and (B) a refusal to make reasonable accommodations to, among other things, services, when such accommodations may be necessary to afford the handicapped person equal opportunity to use and enjoy the dwelling.

The government's complaint seeks declaratory and injunctive relief, compensatory damages, and punitive damages as a result of the defendants' alleged willful and intentional conduct. The government did not demand a jury trial.

**PRESENT MOTIONS**

The Palascianos' move to intervene as of right in this action pursuant to section 812(*o* )(2) of the Act and Fed.R.Civ.P. 24(a). Section 812(*o* )(2) provides that any aggrieved person with respect to the issues to be determined in a civil action brought by the government under section 812(*o* ) "may intervene as of right ·in that civil action." Rule 24(a)(1) provides that upon timely motion, anyone shall be permitted to intervene as of right when a statute confers an unconditional right to intervene. A previous motion to intervene was made by the Palascianos' former counsel in January, 1994, but was rejected because it failed to set a return date at least fifteen days from the day the motion was filed and served as required by this Court's motion rules.

In connection with their present motion to intervene, the Palascianos have filed a complaint naming only Country Club as the defendant. The complaint is similar in all aspects to the one filed by the United States. It alleges the same facts and underlying occurrences, is premised on the same sections of the Fair Housing Act, and seeks the same relief. Unlike the government's complaint however, the Palascianos demand a jury trial.

The defendants oppose the motion, on the basis that the Palascianos' intervention is untimely. According to the defendants, issue was joined in this case in November 1992. The defendants contend that the Palascianos knew of their interest in this case from the start, and that they had approximately two years to intervene but chose not to do so.

The defendants also move to strike the Palascianos' jury demand, on the ground that the Palascianos have waived their right to a jury trial by making the demand approximately two years after the close of the pleadings.

**DISCUSSION**

1. *Motion to Intervene Under Rule 24(a).*

Rule 24(a) provides as follows:

**Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene.

Further, Rule 24(c) specifies the procedures to be followed when a party seeks intervention:

**Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene.

■ In this case, section 812(*o* )(2) of the Fair Housing Act, 42 U.S.C. § 3612(*o* )(2), confers an unconditional right upon the Palascianos to intervene in this action. That section provides that "[a]ny aggrieved person with respect to the issues to be determined

in a civil action under this subsection may intervene as of right in that civil action."

The defendants do not dispute that the Palascianos have a right under the statute to intervene in this case. They challenge the Palascianos' intervention, however, on the ground that it is untimely in contravention to Rule 24(a).

 The timeliness of a motion to intervene is a matter left to the Court's sound discretion, to be determined from all of the circumstances. *United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 (2d Cir.1994) (citing *NAACP v. New York,* 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973)). As the Second Circuit explained in *Pitney Bowes:*

> Timeliness defies precise definition, although it certainly is not confined to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.

*Pitney Bowes,* 25 F.3d at 70 (citing *United States v. New York,* 820 F.2d 554, 557 (2d Cir.1987)).

The defendants contend that the Palascianos' motion to intervene is untimely, because (1) the Palascianos had notice of their interest in this case since its inception in October 1992, (2) denying their motion will not prejudice them, because their interests as intervenors are adequately protected by the United States, which has filed a complaint based on the same underlying facts, statutes and theories of recovery.

On the other hand, the United States and the Palascianos contend that consideration of the timeliness factors espoused by the Second Circuit supports a determination that their motion is timely. First, the government and the Palascianos argue that the delay in bringing the present motion is not as long as the defendants assert, because the Palascianos' prior counsel attempted to make a motion to intervene in January, 1994, some 13 months after issue was joined in this case.

Moreover, both the government and the Palascianos contend that the delay in bringing about the present motion is due to the ineffective representation of the Palascianos' prior counsel, who has been replaced. In this respect, the Palascianos contend that upon being apprised of their right to intervene, they retained their former counsel in July 1993, approximately eight months after this action was commenced, for the purposes of intervening in this action. However, that attorney apparently delayed in filing the motion to intervene.

Second, the government and the Palascianos contend that granting the motion will not in any way prejudice the defendants, but that denying their motion will prejudice the Palascianos. According to the Palascianos, they will be prejudiced by being denied their right to present their case, injuries and damages to a jury. In support of this contention, the Palascianos contend that the government and they have divergent interests, and site to the affidavit of the government's attorney, Mr. Handley, in support of this contention. The affidavit of Mr. Handley states that the government did not demand a jury trial in this case because it is interested in obtaining a favorable ruling on issues of first impression that are raised in the complaint, and that such a ruling is more likely to come from a district judge rather than a jury. The Palascianos, on the other hand, claim that presentation of their case to a jury is important to them, especially in terms of obtaining a recovery based on punitive damages.

Third, the government and the Palascianos contend that there are unusual circumstances militating in favor of a finding of timeliness. Those circumstances are identified as (1) the ineffective representation of the Palascianos' prior counsel, and (2) the unconditional right to intervene conferred by section 812(*o* )(2) of the Act, which unlike the two other sections in the Fair Housing Act allowing for intervention by aggrieved parties, does not provide for "timely" intervention. Compare section 812(*o* )(2) with section 813(e) of the Act (intervention by the Attorney General in private suits must be timely) and 814(e) (intervention by aggrieved persons in suits brought by the Attorney General alleging a

**404**

pattern or practice of discrimination must be timely). According to the government and the Palascianos, the difference in language between the unqualified right to intervene conferred by the statute, and Rule 24(a)'s limitation of intervention by requiring timeliness, should be resolved in favor of the language of the congressional statute.

The Court agrees with the government and the Palascianos that taking into consideration all of the circumstances of this case, the Palascianos' motion to intervene should be granted as timely.

First, granting the motion will not significantly, if at all, prejudice the defendants. Indeed, nowhere in their opposition to the Palascianos' motion do the defendants contend that they will be prejudiced by granting the motion. To the extent any additional discovery may be warranted, it can be achieved in a short period of time.

Second, in the Court's view denying the motion will prejudice the Palascianos, because they would be precluded from effectively putting the issue of liability and punitive damages before a jury, as is their right under the United States Constitution and the statute. Given that the government has admitted its interests are not exactly the same as those of the Palascianos, the Palascianos have a significant interest in being present during the trial of this case.

Third, the Court believes that there are unusual circumstances in this case which favor a determination that the motion was timely. In the Court's view, the Palascianos did try to intervene earlier in this litigation, namely eight months after the commencement of the case, but because of their counsel's delay and his failure to properly bring the motion, they could not. Moreover, the divergent interests in the focus of litigation between the United States and the Palascianos makes this case unusual.

Accordingly, for the reasons stated above, the Court grants the Palascianos' motion to intervene. In arriving at this decision, the Court need not, and does not, reach the issue of resolving the apparent difference in the language of the statute, which grants an unqualified right to intervene to an aggrieved person, and the language of Rule 24(a), which limits intervention by requiring a timely motion.

2. *Motion to Strike the Jury Demand.*

Fed.R.Civ.P. Rule 38(b) provides in relevant part:

**Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing ... not later than 10 days after the service of the last pleading directed to such issue.

Pursuant to Rule 38(d), failure of a party to timely demand a jury trial constitutes a waiver of trial by jury.

■ Fed.R.Civ.P. 39, however, provides that despite the failure to timely demand a jury trial, the Court may, in its discretion and upon motion, order a jury trial on any and all issues triable by a jury. In a case started in the federal court, in order to overcome a waiver of a jury trial demand under Rule 39 more than the "mere inadvertence" of counsel to demand such a trial must be shown. *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 392 (2d Cir.1983); *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir.1967); *MacDraw, Inc. v. The CIT Group*, 1994 WL 17952, 1994 U.S.Dist. LEXIS 363, *14–17 (S.D.N.Y.1994) (citing cases). Granting an untimely jury demand based on the mere inadvertence of counsel is reversible error. *Cascone*, 702 F.2d at 392.

The Court can grant the untimely demand only if a new cause of action is pleaded which raises new facts or changes the character of the suit, *see, e.g., Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir.1973), or which raises a new ultimate issue for decision that is different from the ultimate issue in the prior pleadings, *see, e.g., Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir.1980).

■ The defendants contend that Palascianos' jury demand is untimely, because it was made almost 1 and ½ years after the last pleading directed to the triable issues was filed in this case, which was the defendants' answer. Moreover, because the intervenor complaint is the same as the government's complaint and does not raise any new issues

of material fact or new ultimate issues that are to be decided, the defendants contend that granting the Palascianos' motion under Rule 39 is inappropriate.

The government and the Palascianos contend, on the other hand, that pursuant to Rule 24(c) the intervenor complaint itself is "the last pleading directed to" the triable issues, and therefore argue that the jury demand is timely and has not been waived.

In explaining what constitutes the "last pleading directed to" a triable issue, the Second Circuit has stated that, " 'the last pleading directed to' an issue is not the pleading that raises the issue, it is the pleading that contests the issue. Normally, that pleading is an answer, or with respect to a counterclaim, a reply." *McCarthy v. Bronson,* 906 F.2d 835, 840 (2d Cir.1990), *aff'd,* 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991).

In this case, the intervenor complaint raises the exact same factual and legal issues as the plaintiff's original complaint, and does not raise any new material issues for ultimate determination at trial. At first glance, then, it would seem that the rule espoused in *Bronson* supports the defendants' position, because the last pleading contesting the issues raised by the original and intervenor complaints is the defendants' answer. This precise issue, namely, whether the intervenors' complaint—which alleges the same underlying occurrences, legal issues and theories of recovery—is the "last pleading directed to" the triable issues, is novel and has never been addressed by any court.

It is the Court's view, however, that in this case the first- glance reasoning is faulty, and that the last pleading contesting the triable issues is not the defendants' answer, but the defendants' answer to the intervenor complaint. The reasons for the Court's conclusion are two-fold.

First, although the Court recognizes that a jury demand in a subsequent complaint is untimely unless new material issues are raised, *see Rosen v. Dick, supra,* that rule has been applied in situations where the parties in the litigation remain the same. In granting intervention, the parties to the litigation have changed. In this regard, the Palascianos have now, for the first time, been able to file a complaint, demand a jury trial or otherwise take part in this case. It seems incorrect to this Court to rule that the Palascianos are precluded from obtaining their constitutionally mandated jury trial, when they have been unable heretofore to appear as parties to this case and make such a demand. Indeed, such a result seems suspect, as any intervenor who has not filed a motion to intervene until after the answer to the complaint or reply to a counterclaim, but whose intervention is deemed timely under applicable law, would be precluded from ever receiving a jury trial. This result would be absurd and totally unfair.

Second, the Fair Housing Act was amended in 1988 to allow for jury trials. This right was given to the Palascianos by the statute, as was their right to intervene. By precluding their right to a jury trial on the basis of an untimely demand due to a failure to intervene earlier, the Court would be undermining the basic remedies offered by the amendments to the statute. This Court does not believe that such an outcome is legally sound or fair to the intervenors, nor is it a proper resolution of the statutes' requirements and Rule 38(b)'s requirements.

The Court notes that in its research it has come across only one case that has discussed the timeliness of a jury demand under Rule 38(b) within the context of an intervenor complaint. *See In re Fox Brothers, Inc.,* 142 B.R. 320, 322–24 (Bankr.E.D.Ark.1992). However, in that case the intervenor complaint raised several material issues for determination at trial that were not contained in the original complaint, and the court held the last pleadings directed to the triable issues for purposes of Rule 38(b) were the defendant's answers to the original complaint and to the intervenor complaint. *Id.* at 324. Although the decision can be broadly read as implying that where the original and intervenor complaints raise the same facts and material issues, the last pleading directed to the issues is the defendant's answer, this Court refuses to read *Fox Brothers* in such a manner given the right to a jury trial conferred by the Seventh Amendment to the United

States Constitution and the Fair Housing Act amendments.

Accordingly, notwithstanding *Fox Brothers*, for the reasons stated above it is the Court's view that the last pleading directed to the issues raised for trial in this case for the purposes of Rule 38(b), is the defendants' answer to the intervenor complaint. Accordingly, the Palascianos' demand for a jury is deemed timely and not waived, and the defendants' motion to strike the jury demand is denied.

For the reasons stated above, it is hereby

**ORDERED,** that the plaintiffs-intervenors' motion to intervene in this case pursuant to 42 U.S.C. § 3612(*o*)(2) and Fed. R.Civ.P. 24(a) is granted; it is further

**ORDERED,** that the defendants' motion pursuant to Fed.R.Civ.P. 38 to strike the plaintiffs-intervenors' jury demand as untimely is denied; it is further

**ORDERED,** that this case is removed from the Court's 24 hour non-jury reserve calendar, and is placed on the Court's calendar of jury trials; it is further

**ORDERED,** that the parties are to contact the Court within twenty days from the date of this order with a schedule concerning the remaining discovery that is to be conducted in this case; and it is further

**ORDERED,** that the parties are to appear for a conference before the Court on Tuesday, February 21, 1995, at 9:00 a.m.

**SO ORDERED.**