107 F.3d 1374
 36 Fed.R.Serv.3d 1176, 20 A.D.D. 658,
10 NDLR P 276,
97 Cal. Daily Op. Serv. 1414,
97 Daily Journal D.A.R. 2088
 UNITED STATES of America, Plaintiff,
and
Elayne Cohen-Strong, Intervenor-Appellant,
v.
CALIFORNIA MOBILE HOME PARK MANAGEMENT COMPANY; Brian M.
Dougher, dba: Costa Mesa Mobile Estates,
Defendants-Appellees.
 No. 95-55599.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 9, 1996.
Decided Feb. 27, 1997.
 
 Christopher Brancart and Elizabeth Brancart, Pescadero, CA; John P. Relman, Washington Lawyers' Committee for Civil Rights & Urban Affairs, Washington, DC; Timothy C. Hester, Caroline M. Brown, Covington & Burling, Washington, DC, for the intervenor-appellant.
 Daniel L. Rasmussen, Jeffrey K. Brown, Payne & Fears, Irvine, CA, for the defendants-appellees.
 Appeal from the United States District Court for the Central District of California, Manuel L. Real, District Judge, Presiding. D.C. No. CV-91-04528-R.
 Before: BRUNETTI, TROTT and THOMAS, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 The United States filed a civil rights complaint on behalf of Elayne Cohen-Strong, which the district court dismissed. The district court then denied Cohen-Strong's post-judgment motion to intervene, and in a prior appeal we reversed both the dismissal and the denial of intervention and remanded the case to the district court. On remand the district court did not allow Cohen-Strong to file a new complaint demanding a jury trial. It later held a one-day bench trial and entered judgment for defendants. We hold that the district court erred in not allowing Cohen-Strong to file a demand for a jury trial, but that because no reasonable jury could find for Cohen-Strong, the denial was harmless error.
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 This is an action under Title VIII of the Civil Rights Act of 1968 ("Fair Housing Act" or "FHA"), amended by 42 U.S.C. §§ 3601-3631 (1988), originally brought by the United States on behalf of appellant Elayne Cohen-Strong ("Cohen-Strong"), a mother of a handicapped child and a resident of the Costa Mesa Mobile Estates. Cohen-Strong alleges that she was discriminated against on the basis of handicap when appellees Brian Dougher ("Dougher") and the California Mobile Home Park Management Company ("California Mobile Home"), which Dougher owns and operates, failed to make a reasonable accommodation under Section 804 of the FHA. Specifically, Cohen-Strong alleges that California Mobile Home failed to waive guest and parking fees for her daughter's babysitter in the amount of $175. Cohen-Strong argues that the fees assessed constituted a financial burden such that California Mobile Home was required to waive the fees to allow her to employ a babysitter for her daughter. A more complete description of the underlying facts can be found in the "Background and Procedural History" as stated in the first appeal in this case. United States v. California Mobile Home Park Mgmt. Co., 29 F.3d 1413, 1415 (9th Cir.1994) [hereinafter California Mobile Home I ].
 
 
 3
 In California Mobile Home I, this court held that: (1) Cohen-Strong was entitled to intervene as of right and substitute herself for the United States on appeal, and (2) the FHA may require California Mobile Home to waive the fees. On the fee waiver issue, this court suggested five factors that, among other things, should be examined by the district court on remand. Id. at 1418.
 
 
 4
 On remand, Cohen-Strong filed a new motion for leave to intervene before the district court that would permit her to proceed alongside the United States as plaintiff. Cohen-Strong also lodged a complaint in intervention as required by Federal Rule of Civil Procedure 24(c). The complaint echoed the Government's claim of discrimination under the FHA, but also included supplemental state law claims and demanded a jury trial.
 
 
 5
 The district court confused its ruling on Cohen-Strong's motion to intervene making it unclear whether it was allowing her to intervene or to be substituted in the action. First, it stated that Cohen-Strong's "motion to intervene is granted." In the next sentence, however, the court ruled that "Cohen-Strong is substituted for the United States of America." When Cohen-Strong's attorney inquired if he should prepare a complaint, the court said: "No. She is substituted for the United States of America. I have a complaint on file. That's what she wanted to do before the Court of Appeals, and that's what the Court of Appeals ordered me to do." One week after being substituted as plaintiff, Cohen-Strong moved to file a first amended complaint, in which she again pled violation of supplemental state law claims and again demanded a jury trial. This motion was denied. The United States moved for reconsideration of the court's order dismissing it from the case, and that motion, too, was denied. In February 1995, the district court held a one-day bench trial and ruled for the defendants. In its findings of fact and conclusions of law, the court ruled that "a waiver of the guest and parking fees at issue was not necessary to afford Ms. Cohen-Strong equal opportunity to use and enjoy her dwelling at Costa Mesa Estates." Cohen-Strong now complains that the district court erred by denying her right to a jury trial and that the judgment of the district court must be reversed because a reasonable jury could have found in her favor.
 
 DISCUSSION
 I.
 Right to a Jury Trial
 
 6
 There is no question that the FHA entitles Cohen-Strong to a jury trial for her discrimination claim. See Curtis v. Loether, 415 U.S. 189, 195, 94 S.Ct. 1005, 1008-09, 39 L.Ed.2d 260 (1974). The question presented in this case is whether Cohen-Strong waived her right to a jury trial by waiting three years after the action began to demand it. Entitlement to a jury trial in federal court is a question of law reviewed de novo. KLK, Inc. v. United States Dep't of Interior, 35 F.3d 454, 455 (9th Cir.1994). The unconstitutional denial of a jury trial must be reversed unless the error is harmless. Fuller v. City of Oakland, 47 F.3d 1522, 1533 (9th Cir.1995).
 
 
 7
 The district court ruled that Cohen-Strong waived her right to a jury trial. Defendants offer three justifications for the district court's decision. First, they argue that Cohen-Strong is a substituted party bound by the United States' failure to demand a jury trial in its original complaint. Second, they argue that even if Cohen-Strong is an intervenor-plaintiff, she cannot demand a jury trial three years after the United States filed this action on her behalf. Third, defendants argue that Cohen-Strong waived her right to a jury trial when she participated in the bench trial without objection. We will address each argument in turn.
 
 A. Cohen-Strong's Status on Remand
 
 8
 The district court erred by treating Cohen-Strong as a substituted party rather than as an intervening party. In California Mobile Home I, we noted that the district court's acceptance of Cohen-Strong's notice of appeal, and its failure to rule on Cohen-Strong's motion to intervene, "effectively constituted a denial of that motion." 29 F.3d at 1416. We then reversed the district court's denial, holding that "[u]nder the Fair Housing Act, a plaintiff is entitled to intervene as of right and to substitute herself for the United States on appeal." Id.
 
 
 9
 The district court interpreted this language to mean that Cohen-Strong was to be substituted for the United States on remand. This interpretation is contrary to the express language of our opinion, which held that she was entitled to substitute herself for the United States on appeal. In other words, this court decided that she would be substituted for the United States for purposes of the appeal (because the United States had chosen not to participate in the appeal), but that the FHA entitled her to intervene in the case on remand. As we often do, we concluded California Mobile Home I by stating: "we reverse and remand to the district court for proceedings consistent with this opinion." Id. at 1418. In light of our reversal of the district court's denial of Cohen-Strong's motion to intervene, the district court was clearly required to grant Cohen-Strong's motion to intervene on remand. Its failure to do so was error.
 
 
 10
 Further indicating the district court's error in denying Cohen-Strong's motion to intervene is the fact that this court's ruling in California Mobile Home I was based on the FHA, which provides: "Any aggrieved person with respect to the issues to be determined in a civil action under this subsection may intervene as of right in that civil action." 42 U.S.C. § 3612(o)(2). Thus, the plain language of the statute relied upon by this court indicates that Cohen-Strong's right was to intervene, not to be substituted for the United States. Finally, Cohen-Strong has never filed a motion to be substituted for the United States. Rule 25[1] allows for "Substitution of Parties" only upon death, incompetence, or transfer of interest. None of these circumstances applies to Cohen-Strong's claim, and thus, she is not qualified for substitution under Rule 25.
 
 
 11
 For the reasons stated above, Cohen-Strong is properly an intervenor-plaintiff in the action, and we now turn to the question whether, as an intervenor-plaintiff, Cohen-Strong was entitled to demand a jury trial three years after the action was commenced by the United States.
 
 
 12
 B. Timeliness of Intervenor's Demand for Jury Trial
 
 
 13
 Although it acknowledges that we "must indulge every reasonable presumption against the waiver of the jury trial," United States v. Nordbrock, 941 F.2d 947, 949-50 (9th Cir.1991), California Mobile Home argues that Rule 38 precludes Cohen-Strong's current demand for a jury trial. We disagree.
 
 
 14
 A demand for a jury trial must be made within ten days of the last pleading directed to a jury triable issue. Fed.R.Civ.P. 38(b). Failure to follow this procedure constitutes a waiver of the right to demand a jury trial. Fed.R.Civ.P. 38(d). The parties disagree as to which document ought to be considered "the last pleading directed to a jury triable issue" for purposes of the rule. California Mobile Home argues that the relevant document is its answer to the United States' original complaint in 1991, while Cohen-Strong argues it is defendants' answer to her intervenor complaint filed in 1994. We agree with Cohen-Strong and hold for purposes of Rule 38(b), that the last pleading directed to a jury triable issue is the answer to the intervenor's complaint.
 
 
 15
 The only other court to have addressed this issue reached the same conclusion we do today. United States v. Country Club Garden Owners Ass'n, Inc., 159 F.R.D. 400 (E.D.N.Y.1995). In Country Club, plaintiffs, the Palascianos, filed a complaint with the Department of Housing and Urban Development under section 810(a) of the FHA alleging that their landlords discriminated against them on the basis of disability. Id. at 401. As in this case, the United States commenced the action pursuant to sections 812(o) and 814 of the Act, and did not demand a jury trial. Id. at 401-02. Subsequent to the initial pleadings filed by the United States, the Palascianos moved to intervene and demanded a jury trial. Id. at 402. The defendants moved to strike the Palascianos' jury demand, on the ground that the Palascianos waived their right to a jury trial by waiting two years after the close of the pleadings to demand it. Id.
 
 
 16
 The Country Club Court held that the jury demand was timely. Id. at 406. It reasoned that under Rule 38(b), the last pleading contesting the triable issues was the defendants' answer to the intervenor complaint, not the defendants' answer to the initial complaint filed by the United States. Id. at 405. In explaining this result the court acknowledged that in a typical case a jury demand in a subsequent complaint is untimely unless new material issues are raised. However, the court noted that this rule has been applied in situations where the parties remain the same. After intervention, the parties to the litigation have changed. Indeed, intervening parties have full party status in the litigation commencing with the granting of the motion to intervene. International Union of Mine, Mill and Smelter Workers, Locals No. 15 v. Eagle-Picher Mining & Smelting Co., 325 U.S. 335, 338, 65 S.Ct. 1166, 1167-68, 89 L.Ed. 1649 (1945); William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial 7: 162 (Rev.1996). As in Country Club, it was not until Cohen-Strong intervened that she was able to file a complaint, and thus was able to make a demand for a jury trial. The Country Club Court recognized the unfairness that would result if she were denied her right to a jury trial where she demanded her right to a jury at the earliest moment she was able. That court stated emphatically:
 
 
 17
 It seems incorrect to this Court to rule that the Palascianos are precluded from obtaining their constitutionally mandated jury trial, when they have been unable heretofore to appear as parties to this case and make such a demand. Indeed, such a result seems suspect, as any intervenor who has not filed a motion to intervene until after the answer to the complaint or reply to a counterclaim, but whose intervention is deemed timely under applicable law, would be precluded from ever receiving a jury trial. This result would be absurd and totally unfair.
 
 
 18
 Country Club, 159 F.R.D. at 405. We agree and adopt this rationale as the law of the Circuit.[2]
 
 
 19
 California Mobile Home attempts to distinguish Country Club on two bases. First, it argues that in Country Club, the United States and the Palascianos had "divergent interests." In Country Club, the United States was apparently motivated by setting precedent, while the plaintiffs were more interested in punitive damages. Contrary to defendants argument, however, the fact that the United States' interests were different than the Palascianos does not distinguish Country Club from this case. Indeed, the very statutory scheme asserted by Cohen-Strong, which allows "any aggrieved" party to intervene as of right, acknowledges the likelihood of some divergent interests in any case. 42 U.S.C. § 3612(o)(2). This was precisely the position taken by the United States at the hearing on Cohen-Strong's motion to intervene. The attorney for the United States explained to the district court: "The United States' interest are [sic] not necessarily the same as an intervenor or complainant. That's why the statute gives the complainant a right to intervene." Thus, the fact that the divergent interests were more apparent in Country Club does not distinguish the case, divergent interests are inherent in the statute. Second, defendant distinguishes the case by falling back into its misconceived assertion that Cohen-Strong was substituted in this case, whereas the Palascianos intervened in Country Club. For reasons stated above, this understanding is incorrect.
 
 
 20
 C. Waiver by Failure to Object at Bench Trial
 
 
 21
 In addition to their waiver argument based on Rule 38, defendants argue that Cohen-Strong waived her right to a jury trial by participating in the bench trial without objection. See White v. McGinnis, 903 F.2d 699, 703 (9th Cir.1990) (en banc). However, because Cohen-Strong objected several times prior to trial, we reject defendants' argument.
 
 
 22
 In White, the plaintiff prisoner timely demanded a jury trial for his civil rights suit. Id. at 700. The district court apparently overlooked or ignored the request and notified the parties that the case was set for a bench trial. Id. Plaintiff then participated in the bench trial without objection. Id. This court, sitting en banc, held that "knowing participation in a bench trial without objection is sufficient to constitute a jury waiver." Id. at 703. Defendant argues that White requires a plaintiff to object at the bench trial itself in order to preserve the right to a jury trial on appeal, no matter how vigorously a party contests the issue prior to trial. That would be reading too much into White.
 
 
 23
 In White, the plaintiff "never brought his prior jury demand to the district court's attention during the five and one-half month period between the bench trial notice and the trial." Id. at 700. Nor did he object at trial or before the court entered judgment. Id. Nor did he file a motion for a new trial. Id. Rather, he raised the issue for the first time on appeal. Id. at 700 n. 4. Emphasizing White's failure to bring the jury demand to the attention of the court, the White Court analogized his failure to that of an attorney in a similar case where, "The totality of the circumstances here [manifested] that the attorney slept on his client's rights." Id. at 702 (quoting Pope v. Savings Bank of Puget Sound, 850 F.2d 1345, 1355 n. 29 (9th Cir.1988) (internal quotations omitted)).
 
 
 24
 In this case Cohen-Strong sufficiently contested the issue of her right to a jury trial. Here, Cohen-Strong included her demand for a jury trial in the complaint lodged with her motion to intervene. Unlike in White, when the district court did not allow Cohen-Strong to file the complaint, she then sought reconsideration of the court's decision. One week after the court denied her jury demand, Cohen-Strong again moved to submit a first amended complaint, with another demand for a jury trial. In support of her motion, Cohen-Strong filed a detailed Memorandum of Points and Authorities arguing her position and California Mobile Home submitted its own Memorandum of Points and Authorities. Cohen-Strong then filed a reply. After inviting oral argument, the court denied Cohen-Strong's motion to file an amended complaint.
 
 
 25
 While White has become the leading jury waiver case in the circuit, Fuller v. City of Oakland, 47 F.3d 1522, 1531 (9th Cir.1995), no Court has expanded it to find a waiver of a right to a jury trial where a plaintiff actively contests the district court's decision to refuse the demand. For example, in United States v. Nordbrock, 941 F.2d 947 (9th Cir.1991), the court found that plaintiff's filing a "continuing demand" for a jury trial after the district court set the case for a bench trial was sufficient to preserve the issue on appeal. Id. at 949. In Nordbrock, which was decided after White, the plaintiff did not argue his position as adamantly as Cohen-Strong has in this case. We hold Cohen-Strong sufficiently objected the district court's denial of her right to a jury trial.
 
 II.
 Harmless Error
 
 26
 Although we hold that the district court erred by denying Cohen-Strong her right to demand a jury trial, we nonetheless affirm the judgment of the district court, as its error was harmless. Upon the evidence presented to the district court, no reasonable jury could have found for Cohen-Strong. See Fuller v. City of Oakland, 47 F.3d 1522, 1533 (9th Cir.1995).
 
 
 27
 Cohen-Strong failed to introduce any evidence of an essential element of a prima facie case under 42 U.S.C. § 3604(f)(3). To establish her claim, Cohen-Strong was required to show that: (1) her daughter suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) defendants knew of her daughter's handicap or should reasonably be expected to know of it; (3) accommodation of the handicap "may be necessary" to afford Cohen-Strong an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation. 42 U.S.C. § 3604(f)(3)(B); see Roseborough v. Cottonwood Apartments, No. 94 C 3708, 1996 WL 490717, at * 2 (N.D.Ill.1996). At trial, Cohen-Strong failed to show that the waiver of the fees "may be necessary" to afford her an equal opportunity to use and enjoy her dwelling. In other words, Cohen-Strong failed to show that the assessment of the fees caused the denial of her use and enjoyment of her dwelling. See Smith & Lee Assocs., Inc. v. City of Taylor, 102 F.3d 781, 795 (6th Cir.1996) (interpreting "necessary" in § 3604(f)(3)(B) to mean that plaintiffs "must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice"); see also Gamble v. City of Escondido, 104 F.3d 300, 306-07 (9th Cir.1997).
 
 
 28
 Both at trial and on appeal, Cohen-Strong relied heavily on this court's prior opinion, in which we explained:
 
 
 29
 The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination. In a case such as this one, a reviewing court should examine, among other things, the amount of fees imposed, the relationship between the amount of fees and the overall housing cost, the proportion of other tenants paying such fees, the importance of the fees to the landlord's overall revenues, and the importance of the fee waiver to the handicapped tenant.
 
 
 30
 California Mobile Home I, 29 F.3d at 1418 (citations omitted).
 
 
 31
 Each of the factors we discussed is relevant to the balancing of interests inherent in any "reasonableness" determination. This discussion of the "reasonableness" element of an FHA claim did not relieve plaintiff of her obligation to meet each element of her claim. Plaintiff must first show that defendants' policy caused an interference with her use and enjoyment. Without a causal link between defendants' policy and plaintiff's injury, there can be no obligation on the part of defendants to make a reasonable accommodation. In the prior appeal, we reviewed only the district court's dismissal of plaintiff's complaint. In that appeal defendants argued that they could not, under any set of circumstances, be required to waive their generally applicable fees. We disagreed with defendants and explained that the district court must develop the facts of the case before it could determine whether defendants would be required to waive the fees. Having the benefit of a full record, including transcripts of the one-day bench trial, it is clear that Cohen-Strong failed to prove her prima facie case.
 
 
 32
 In this case, plaintiff asks for a reasonable accommodation not for herself, but for a caregiver, Ms. Dawson. Plaintiff failed to show why Dawson's convenience is necessary for her own use and enjoyment of her home. Plaintiff submitted no evidence explaining why Dawson could not have parked outside of the mobile home park and still have provided caregiver services to Cohen-Strong's daughter. The policy at issue in this case is the fee that defendants charged for Dawson parking her car at Cohen-Strong's trailer home. There is no evidence that Dawson's car was necessary to provide services for Cohen-Strong's daughter. Further, Cohen-Strong introduced no evidence explaining why she did not require Dawson to pay the guest and parking fees. Nor did Cohen-Strong explain why Dawson's employer, the State of California, did not pay the parking fees. It is not unusual for any working person to incur parking expenses at their place of employment. The fact that some of these people may work with handicapped individuals does not require that their parking fees must be waived.
 
 
 33
 This case is distinguishable from a line of cases under § 3604(f)(3) requiring landlords to make reasonable accommodations by providing handicapped parking spaces for handicapped tenants. See, e.g., Jankowski Lee & Assoc. v. Cisneros, 91 F.3d 891 (7th Cir.1996) (affirming HUD order issued under FHA sanctioning apartment owner for failure to provide parking for tenant with multiple sclerosis); Roseborough, 1996 WL 490717 (same).[3] The rationale in these cases is that the handicapped person faces injury or pain by having to travel long distances from the house to the car. In these cases causation is clear--without a parking space close to the apartment, the handicapped individual's use and enjoyment of the dwelling is diminished. Once this link is established, only then do we consider whether it is reasonable to require the manager to provide the accommodation. By contrast, in this case, causation is one step removed. In this case the policy is not directed at the handicapped person, it is directed at a third party. Here, Cohen-Strong failed to show that the policy prevented a third party from being able to provide care services, or that it diminished the care she could receive. For the reasons stated above, we hold that no reasonable jury could have found for Cohen-Strong. Accordingly, the district court's denial of Cohen-Strong's right to a jury trial was harmless error.
 
 III.
 
 34
 District Court's Failure to Follow Instructions on Remand
 
 
 35
 Finally, Cohen-Strong argues that the district court failed to follow this court's instructions on remand by failing to make explicit findings as to each of the five factors outlined by this court. We reject this contention. As a general rule, a district court must set forth sufficiently detailed consideration of the most relevant factors to allow for meaningful review on appeal. Probe v. State Teachers' Retirement Sys., 780 F.2d 776, 785 (9th Cir.1986). Here, the district court made nineteen findings of fact, which related to four out of the five factors discussed in California Mobile Home I. Those findings were sufficient to allow for meaningful review. The five factors discussed in the first appeal were not intended to be applied mechanically by the district court. Instead, the factors were suggested as guideposts to help direct the district court's analysis. We conclude that the district court did make sufficient findings to support its legal conclusion that "a waiver of the guest and parking fees at issue was not necessary to afford Ms. Cohen-Strong equal opportunity to use and enjoy her dwelling at Costa Mesa Mobile Estates."
 
 
 36
 AFFIRMED.
 
 
 
 [1]
 All references to rules are to the Federal Rules of Civil Procedure
 
 
 [2]
 We hold only that where the court grants an intervention of right, the intervenors' right to demand a jury trial is not waived under Rule 38(d). Nothing in this opinion conflicts with the rule that courts may deny intervention of right under 24(a) where the application for intervention is untimely. See, e.g., United States ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 719-20 (9th Cir.1994); United States ex rel. McGough v. Covington Techs. Co., 967 F.2d 1391, 1393-94 (9th Cir.1992). Neither does this opinion conflict with the rule adopted by some courts that allows the court to grant a conditional intervention. See Pennsylvania ex rel. Feiling v. Sincavage, 439 F.2d 1133, 1134 (3d Cir.1971) (allowing wife to intervene in husband's suit, but not allowing her to demand a jury trial); see also FTC v. American Legal Distribs., Inc., 890 F.2d 363 (11th Cir.1989) (affirming denial of motion to intervene as to previously resolved issues, and reversing denial as to unresolved issues)
 
 
 [3]
 The vast majority of reported cases brought under § 3604(f)(3) involve developers' requests for variances of zoning ordinances that would allow them to build housing for handicapped persons. See, e.g., Elderhaven, Inc. v. City of Lubbock, 98 F.3d 175 (5th Cir.1996) (affirming summary judgment against elderly care company in action against city for special exception from single-family zoning ordinance); Hovsons, Inc. v. Township of Brick, 89 F.3d 1096 (3d Cir.1996) (holding township liable for failure to grant conditional use permit for nursing home developer); Erdman v. City of Fort Atkinson, 84 F.3d 960 (7th Cir.1996) (denying developer's suit seeking damages for city's denial of conditional use permit for construction of home for elderly care); Brandt v. Village of Chebanse, 82 F.3d 172 (7th Cir.1996) (rejecting suit by developer for zoning variance to accommodate housing for handicapped persons); Oxford House-C v. City of St. Louis, 77 F.3d 249 (8th Cir.1996) (rejecting suit by group home claiming city could not enforce zoning ordinance limiting number of unrelated residents to eight); United States v. Village of Palatine, 37 F.3d 1230 (7th Cir.1994) (rejecting FHA claim where group home failed to afford city opportunity to make reasonable accommodation); Marbrunak, Inc. v. City of Stow, 974 F.2d 43 (6th Cir.1992) (holding that city's failure to impose special safety standards for protection of developmentally disabled persons violated FHA). In these cases, causation poses no independent hurdle for the plaintiffs. The city policies directly interfere with use and enjoyment because they prevent the housing from being built