[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14343
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 20, 2007
THOMAS K. KAHN
CLERK

D.C. Docket Nos. 04-61212-CV-JAL & 05-60687-CV-JAL

HOLLYWOOD COMMUNITY SYNAGOGUE, INC.,
UNITED STATES OF AMERICA,

Plaintiffs-Appellees,

versus

CITY OF HOLLYWOOD, FL,
SAL OLIVERI,

Defendants-Appellees,

versus

LISA SELF,
HEIDI O'SHEEHAN,
RICHARD JOHNSON,
CAROLYN JOHNSON,

Proposed Intervenors-Appellants,

PATRICI PETRILLO,
EVA PETRILLO,

Proposed Intervenors.

Appeal from the United States District Court
for the Southern District of Florida

**(November 20, 2007)**

Before ANDERSON, BARKETT and COX, Circuit Judges.

PER CURIAM:

The Appellants-Proposed Intervenors appeal the district court's denial of their motion to intervene as defendants in a civil action between the Hollywood Community Synagogue and the United States as plaintiffs and the City of Hollywood and Sal Oliveri as defendants. Because we find no error in the district court's determination that the Appellants' motion was untimely, we affirm denial of the motion and dismiss the appeal.

The Appellants moved to intervene as a matter of right under Fed. R. Civ. P. 24(a) on July 6, 2006 (R.7-382), one day before the district court approved a consent decree to which all parties to the action agreed. They sought intervention to challenge the proposed decree on the grounds that it violated their rights to due process and quiet enjoyment of their property. (R.7-382 at 2.) After considering the factors in Rule 24(a), the district court denied their motion on the basis that they had

only an "extremely tenuous" legal interest in the action (R.7-384 at 9) and, even assuming a colorable legal interest, their motion was untimely (R.7-384 at 15).

We have jurisdiction over this appeal under the "anomalous rule," whereby "the court has jurisdiction to determine whether the denial of intervention [is] proper. If the district court was correct in denying the motion to intervene, this court's jurisdiction evaporates and we must dismiss the appeal for want of jurisdiction. If the district court erred, we retain jurisdiction and must reverse." *Davis v. Butts*, 290 F.3d 1297, 1299 (11th Cir. 2002) (quoting *FTC v. Am. Legal Distribs., Inc.*, 890 F.2d 363, 364 (11th Cir. 1989)) (internal quotation marks omitted). This rule only applies where intervention was sought as a matter of right under Rule 24(a). *Id.* Because the Appellants moved to intervene under Rule 24(a), we have jurisdiction.

Under Rule 24(a), a nonparty is entitled to intervene where he can show:

(1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests.

*Fed. Savs. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993) (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). The Supreme Court has held that the timeliness of a motion to intervene is a threshold factor that must be satisfied before the other factors should be considered. *NAACP*

3

*v. New York*, 413 U.S. 345, 365, 93 S. Ct. 2591, 2603 (1973) ("If [a motion to intervene] is untimely, intervention must be denied. Thus, the court where the action is pending must first be satisfied as to timeliness."). And, although we typically review denial of a motion to intervene de novo, we have consistently reviewed a district court's timeliness determination for abuse of discretion. *See Meek v. Metro. Dade County*, 985 F.2d 1471, 1477 (11th Cir. 1993); *Campbell v. Hall-Mark Elecs. Corp.*, 808 F.2d 775, 777 (11th Cir. 1987); *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983).

Analysis of the timeliness of a motion to intervene must account for the chronology leading up to the motion and

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Jefferson County*, 720 F.2d at 1516.

Applying these factors, the district court found that the Appellants' motion was untimely. (R.7-384 at 15.) The court found that the Appellants were aware that the City may not represent their interests as early as February 2003 in light of the City's

4

opposition to the Appellants' attempted intervention in a state court action arising from the same dispute. (R.7-384 at 12-13.) The court further found that intervention by the Appellants would substantially prejudice the existing parties by practically undoing twenty-two months of litigation and settlement negotiations culminating in a consent decree. (R.7-384 at 14.) Finally, the court concluded that prejudice to the Appellants would be minimal as they could litigate the constitutionality of the consent decree in another forum (R.7-384 at 15) and that no unusual circumstances justified intervention (R.7-384 at 15). We find no abuse of discretion in the court's conclusion. Because the Appellants' motion was untimely, we need not consider whether the Appellants satisfied the remaining Rule 24(a) factors. *See NAACP*, 413 U.S. at 369, 93 S. Ct. at 2604-05.

As a consequence of affirming denial of the motion to intervene, we dismiss the appeal for lack of jurisdiction, *Jefferson County*, 720 F.2d at 1515, and do not consider the Appellants' argument that they were entitled to a hearing before the district court approved the consent decree.[1]

**AFFIRMED.**

---

[1]    The Government's motion to reconsider and grant its motion to supplement the record and file a supplemental index is **DENIED**.