[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11124

_____

D. C. Docket No. 03-03620-CV-JTC-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 4, 2008
THOMAS K. KAHN
CLERK

ANGEL FLIGHT OF GEORGIA, INC.,

Plaintiff-Appellee,

versus

ANGEL FLIGHT AMERICA, INC.,

Intervenor-Defendant,

ANGEL FLIGHT SOUTHEAST, INC.,

Defendant,

ANGEL FLIGHT MID-ATLANTIC,
ANGEL FLIGHT SOUTH CENTRAL,

Intervenors-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 4, 2008)**

Before ANDERSON, BLACK and HILL, Circuit Judges.

PER CURIAM:

Intervenors-appellants Angel Flight Mid-Atlantic (AF Mid-Atlantic) and Angel Flight South Central (AF South Central), members of the national Angel Flight America network, appeal the denial of their motion to intervene and the scope of the permanent injunction issued in companion case *Angel Flight of Georgia v. Angel Flight America*, Case No. 07-11460, — F.3d — (11th Cir. 2008), decided in a separate opinion issued today. The facts are recounted in detail in the companion case; we need only recite the basics here.

In November 2003, Angel Flight of Georgia (AFGA), a private pilot organization dedicated to transporting donated organs and needy patients to hospitals around the country, sued Angel Flight America (AFA), a national organization of volunteer pilots, and one of AFA's members, Angel Flight Southeast (AFSE). AFGA asserted claims for common law trademark infringement and various related violations of state and federal law.

Throughout the trial court proceedings, certain members of AFA's board participated in depositions and produced documents during discovery. These AFA board members also served as representatives of AFA member organizations AF Mid-Atlantic and AF South Central. At no time before trial did AF Mid-Atlantic or AF South Central move to intervene in the lawsuit.

The case proceeded to trial, and following a five-day bench trial in June 2006, the court issued a verdict in favor of AFGA on all claims in November 2006. Then, on January 16, 2007, AF Mid-Atlantic and AF South Central moved to intervene "for the special purpose of proposing an injunction that [would] account[] for their interests and without conceding that the Court ha[d] personal jurisdiction" over them. The district court denied the motion, ruling it was untimely, coming seven months after trial and several years after the would-be intervenors "kn[ew] (or should have known) about their interest in th[e] case. . . ." Dist. Ct. Order dated Feb. 12, 2007, at 3. Despite the untimeliness of the motion, the court permitted AF Mid-Atlantic and AF South Central to participate in the injunction hearing as amici curiae.

After considering the arguments of the parties and the amici, the district court issued a permanent injunction prohibiting AFA and its members (including AF Mid-Atlantic and AF South Central) from using the Angel Flight mark in Georgia, Alabama, Mississippi, Tennessee, North Carolina, or South Carolina for the purpose of soliciting donations, advertising, promoting their services, or recruiting volunteers.

The first (and dispositive) question presented by AF Mid-Atlantic and AF South Central's appeal is whether this Court has jurisdiction to hear their

challenges, since they are not parties to the lawsuit. Under this Circuit's anomalous rule, when a would-be intervenor challenges a decision to deny intervention under Fed. R. Civ. P. 24(a), this Court has jurisdiction to determine whether the denial of intervention was proper. *Davis v. Butts*, 290 F.3d 1297, 1299 (11th Cir. 2002). If the denial was proper, "this court's jurisdiction evaporates and we must dismiss the appeal for want of jurisdiction." *F.T.C. v. Am. Legal Distribs., Inc.*, 890 F.2d 363, 364 (11th Cir. 1989). However, if the district court erred in denying the motion, this Court retains jurisdiction over the appeal. *Id.*

In order for a party to intervene as a matter of right under Rule 24(a), it must establish (1) the application to intervene is timely; (2) the party has an interest relating to the property or transaction which is the subject of the action; (3) the party is situated so that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) the party's interest is represented inadequately by the existing parties to the suit. *Davis*, 290 F.3d at 1300. Before turning to other relevant factors, we must first determine whether the motion was timely. *NAACP v. New York*, 413 U.S. 345, 365, 93 S. Ct. 2591, 2603 (1973) ("If [a motion to intervene] is untimely, intervention must be denied. Thus, the court where the action is pending must first be satisfied as to

4

timeliness.").  We review the denial of a motion to intervene under Rule 24(a) *de novo*, *Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002), but review a court's decision regarding the timeliness of the motion for abuse of discretion, *Meek v. Metropolitan Dade County, Fla.*, 985 F.2d 1471, 1477 (11th Cir. 1993), *abrogated on other grounds by Lance v. Coffman*, — U.S. —, 127 S. Ct. 1194 (2007).[1]

When assessing the timeliness of a motion brought under Rule 24(a), a district court must consider four factors, namely, (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination

---

[1] As the district court noted in its opinion, the brief of appellants-intervenors in support of their motion to intervene discussed permissive intervention (governed by Fed. R. Civ. P. 24(b)), but cited Rule 24(a), which governs intervention by right.  The district court treated the motion as arising under Rule 24(a), and we will do the same.  We note, however, that timeliness is a factor in deciding whether to permit intervention under both Rule 24(a) and Rule 24(b); therefore, to the extent appellant intended to move for intervention under Rule 24(b), the district court's analysis, and our review of it, would be the same.  *Cf. Meek*, 985 F.2d at 1477 ("[O]ur review of the district court's determination of timeliness under both rule 24(a) and 24(b) is conducted under the abuse of discretion standard.").

that the application is timely. *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983).

Appellants contend their motion was timely because, although they were aware of AFGA's lawsuit against AFA and AFSE, they had no reason to suspect their interests would be affected by the suit until after the trial judge ruled in AFGA's favor. Citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977), they contend their motion should be considered timely because the complexity of the case justified their delay in moving to intervene. *Monsanto* involved a Title VII suit in which black employees of a large corporation alleged their equal protection rights had been violated by the manner in which their company made promotion decisions and executed layoffs. *Id.* at 260. After the employees won their suit, white employees at the plant moved to intervene, having discovered that the black employees' remedy—a change in the companies' promotional and layoff systems—led to the demotion and layoff of white employees who would have had no reason to believe earlier that the lawsuit affected their interests. *Id.* at 261-62. The difference between that case and this one is clear.

In this case, AFGA sued AFSE and AFA over the use of the same Angel Flight mark used by AF Mid-Atlantic and AF South Central. The district court

found AF Mid-Atlantic and AF South Central were well aware of the proceedings and officers of both organizations had participated in depositions throughout the course of discovery, and had even testified at trial. For that reason, the court found AF Mid-Atlantic and AF South Central knew or should have known their interests in the suit well in advance of their motion to intervene. Moreover, the court found the parties' interests had been well-represented throughout the proceedings by AFA, an organization of which both would-be intervenors were members. The court concluded permitting intervention after summary judgment and trial would prejudice AFGA unfairly, and found that no special circumstances militated in favor of permitting the motion to intervene seven months after trial. Weighing the relevant factors, the court held the motion was untimely and denied it on that ground. The district court considered the proper factors and made a reasoned decision. It did not abuse its discretion by denying the motion to intervene.[2]

Moreover, the district court deserves credit for permitting the proposed intervenors to participate as amici in the permanent injunction proceedings despite

[2] Even if the motion had been timely, the district court noted properly that this Court's decision in *In Re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1248 (11th Cir. 2006), suggests strongly that a party may not intervene for any purpose without conceding personal jurisdiction. *See also County Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002) ("[A] motion to intervene is fundamentally incompatible with an objection to personal jurisdiction.").

the untimeliness of their attempt to intervene.  Having asked to intervene "for the special purpose of proposing an injunction that [would] account[] for their interests," appellants were provided with the opportunity to do just that when the district court permitted them to participate in the proceedings as amici.  Having received the substance of what they requested, appellants cannot reasonably challenge the district court's thoughtful response to their untimely request.

**AFFIRMED.**